In the Matter of the Probate of the Alleged Will of JAMES R. WHITNEY, Deceased.

MILLICENT E. MERRICK et al., Appellants; ANNIE C. WHITNEY, et al., Respondents.

WILL — WHEN NOT SUBSCRIBED AT END. A will, drawn upon a printed blank covering only one page and signed by the testator and subscribing witnesses at the foot of the page, is not "subscribed by the testator at the end of the will," as required by the statute (2 R. S. 63, § 40), when the blank space in the printed form is filled up by subdivisions marked respectively "First" and "Second," followed by the words "See annexed sheet," and additional subdivisions, marked respectively "Third" and "Fourth," are written on a separate piece of paper attached to the face of the blank, immediately over the first and second subdivisions, by removable metal staples.

*Matter of Whitney*, 90 Hun, 138, reversed.

(Argued May 6, 1897; decided June 8, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered November 8, 1895, which reversed a decree of the Surrogate's Court of Monroe county refusing to admit to probate the alleged will of James R. Whitney, deceased.

The facts, so far as material, are stated in the opinion.

*Charles S. Baker* for appellants. The instrument is not subscribed by the deceased at the end thereof. (R. S. [8th ed.] ch. 6, art. 3, § 40; *In re O'Neil*, 91 N. Y. 516; *In re Conway*, 124 N. Y. 455; *In re Hewitt*, 91 N. Y. 261; *Sisters of Charity* v. *Kelly*, 67 N. Y. 409; *Sweetland* v. *Sweetland*, 4 S. & T. 6; *In re Blair*, 84 Hun, 581; *In re Elmer*, 88 Hun, 290; *Hays* v. *Harden*, 6 Penn. St. 409; *Glancy* v. *Glancy*, 17 Ohio St. 134; *In re Gedney*, 17 Misc. Rep. 500.)

*George E. Warner* for Annie C. Whitney, respondent. The testator and the witnesses have by their signatures determined the end of the will, and as all the writing preceded the signatures, therefore, it is a valid and complete will and the memoranda was properly referred to. (*Tonnele* v. *Hall*, 4 N. Y. 145; *In re Comrs. of Washington Park*, 52 N. Y. 131; Redf. Surr. Prac. [3d ed.] 229; *Ludlum* v. *Otis*, 15 Hun, 414; *Crossman* v. *Crossman*, 95 N. Y. 145.)

*Henry J. Sullivan* for Henry Whitney et al., respondents. The will or paper offered for probate was properly directed by the Supreme Court to be admitted to probate, as it was in all respects properly executed and the testator was competent to execute the same. (*In re Voorhis*, 125 N. Y. 765; *Lane* v. *Lane*, 95 N. Y. 494; *In re Hunt*, 110 N. Y. 278; *Younger* v. *Duffie*, 94 N. Y. 535; *In re Pepoon*, 91 N. Y. 255; *In re Cottrell*, 95 N. Y. 329; 119 N. Y. 617.) Any written testamentary document in existence at the execution of a will may, by reference, be incorporated into and become a part of a will provided that the reference thereto in the will

is distinct and clearly identified or rendered capable of identification by the aid of extrinsic proof, as was clearly done in this case. (*In re Conway*, 124 N. Y. 466; *In re Comrs. of Washington Park*, 52 N. Y. 131; *Brown* v. *Clark*, 77 N. Y. 369, 377; *Vogel* v. *Lehritter*, 139 N. Y. 235; *Van Cortlandt* v. *Kip*, 1 Hill, 590; *Tonnele* v. *Hall*, 4 N. Y. 145; *Burton* v. *Newberry*, L. R. [1 Ch. Div.] 239; Williams on Exrs. 97; 1 Jarman on Wills, 78.) If the so-called "annexed sheet" was not properly annexed to and made a part of the paper or will executed by the deceased, then the will, without the addition of said "annexed sheet" containing provisions 3 and 4, should have been admitted to probate, as it in all respects was properly executed, and could not be altered or revoked by the improper addition of said annexed sheet by Mr. Brigham, the person in whose possession the will remained after its execution, and until some time after the death of said Whitney. (Redf. Surr. Prac. [5th ed.] 195, 196; 2 R. S. 64, § 42.)

BARTLETT, J. This appeal presents the question whether the paper writing alleged to be the last will and testament of James R. Whitney, deceased, was subscribed by the testator at the end thereof, as the statute requires. (2 R. S. 63, § 40.) The Surrogate's Court of Monroe county held that it was not, and the learned General Term has reversed the decree.

The facts in the case are undisputed. The will is drawn upon a printed blank, covering only one page, and the testator and subscribing witnesses signed at the foot thereof.

The subdivisions of the will, marked respectively "First" and "Second," fill the entire blank space in the printed form, and at the end of the second subdivision are the words, "See annexed sheet." On a separate slip of paper are written two additional subdivisions, marked respectively "Third" and "Fourth," and this is attached to the face of the will, immediately over the first and second subdivisions, by metal staples, so that the slip annexed has to be raised up or turned back, in order to read the first two clauses.

We are of opinion that the question presented is not an open one in this court, and that the alleged will is not subscribed at the end thereof.

In *Matter, etc., of Hewitt* (91 N. Y. 261) the will was written on two sides of an irregular shaped piece of paper, about one-half of it upon one side and the other half upon the other side.

The witnesses signed their names at the bottom of the first side and again at the top of the second side.

The testator signed his name at the end of the disposing portion of the instrument, near the middle of the second side, and again at the bottom of the second side.

It was held that the statute required that both the testator and the witnesses must sign at the end of the will. Judge EARL said: "Wherever the will ends there the signatures must be found and one place cannot be the end for the purpose of subscribing by testator, and another place be the end for the purpose of subscribing by the witnesses."

This court held that the probate of the instrument was properly denied.

In *Matter, etc., of O'Neil* (91 N. Y. 516) the instrument was drawn upon a printed blank, the formal commencement being on the first page and the formal termination at the foot of the third page. The blank space was filled on the first, second and third pages and the last or thirteenth clause of the will was partly written on the third page and balance carried over to the blank fourth page. The names of the testator and the witnesses were subscribed near the bottom of the third page, below the formal printed termination of the will, and there only. The written matter on the fourth page was not connected with the main body of the will by reference of any kind, although it was obviously a continuation and completion of the thirteenth paragraph of the will.

This court held that the will was not subscribed at the end thereof and that the parts of the instrument preceding the signature could not be received, as the will was either valid or invalid as a whole.

In *Matter, etc., of Conway* (124 N. Y. 455) there was a state of facts quite similar to *Matter of O'Neil*, just commented upon, with the exception that at the end of the provisions in the body of the will were the words "carried to back of will," and upon the back of the sheet was the word "continued." Following this word were various bequests, and then below them were added the words "signature on face of the will."

The Second Division of this court held, with three judges dissenting, that this instrument was not signed by the testator and witnesses at the end thereof and had been improperly admitted to probate. The dissenting opinion rested mainly upon the fact that there was a clear and distinct reference in the body of the will to the provisions on the back of the paper, and that they were thereby properly connected with the subject-matter preceding the signatures.

This court, very recently, in *Matter, etc., of Lewis R. Blair* (reported in 152 N. Y. p. 645) affirmed, without an opinion, the judgment of the General Term, first department, reversing the decree of the Surrogate's Court of the county of New York admitting the alleged will of Lewis R. Blair to probate. This instrument consisted of eight pages; the testator signed at the bottom of seventh page and the witnesses signed at the end of a proper witnessing clause at the top of the eighth page.

After the place for the signatures of the witnesses, but before they were actually signed or the will executed, a clause was added directing the executors to sell at private sale a certain piece of real estate, and to devote the proceeds of the sale in liquidating any deficiency in interest or cash bequests under the will.

The will was then executed, as before stated, and the testator signed the added clause, but the witnesses did not.

The surrogate held that the will was complete without the added clause, and admitted the main body of the instrument to probate, excluding the added words. We held that the additional clause was a part of the will, and that it was not

signed at the end thereof by testator and witnesses as required by the statute.

The case at bar is fully covered by the principle of the foregoing cases, and indeed we think it would be far more dangerous to permit the probate of the will before us than in the case of *Matter, etc., of Conway* (124 N. Y. 455), to which we have already referred.

In the latter case there were distinct references and cross references connecting the outside provisions with the body of the will, but in the case at bar the only reference to the annexed slip is in the will, and the paper attached contains no word or sign to connect it with the main instrument.

Furthermore, as already pointed out, the separate slip on which two subdivisions of the will are written, is attached to the face of the printed blank by metal staples, and could be, after the execution of the will, removed and another slip substituted without danger of detection.

It is true that in the case before us there is no charge of fraud, but we are dealing with general principles and the construction of a statute that was enacted to guard the wills of the dead from alterations of any kind. We have held that this statute should not be defeated by judicial construction or frittered away by exceptions. (*Sisters of Charity* v. *Kelly*, 67 N. Y. 416.)

This court has also called attention to the fact that while wills are interpreted so as to carry out the intention of the testator that rule cannot be invoked when construing the statute regulating their execution, as in the latter case courts do not consider the intention of the testator, but that of the legislature. (*Matter of O'Neil*, 91 N. Y. 520.)

This statute has always been strictly construed, and the will must be a completed whole signed by the testator and witnesses at the end thereof.

The cases referred to by the learned General Term to the effect that any written testamentary document in existence at the execution of the will may by reference be incorporated into and become a part of the will, provided the reference in

1897.]      McGrell v. Buffalo Office Bldg. Co.      265

N. Y. Rep.]                 Statement of case.

the will is distinct and clearly identifies or renders capable of identification by the aid of extrinsic proof the document to which reference is made (*Brown* v. *Clark*, 77 N. Y. 377) have no bearing upon the point we are considering.

The judgment of the General Term should be reversed and the decree of the Surrogate's Court of Monroe county affirmed, with costs.

All concur.

Judgment accordingly.