Reynolds, J.
This case is brought'by Eva Crafts, the plaintiff, against Clara A. AVilber ahd Clara A. AVilber; as executrix of the last will of George O. AVilber, which case is known in law as a contest of will. It appears that sometime in February, 1908, the decedent,: George O. AVilber, died, and that afterward his will, or what purported to be his will, was filed in the probate office in this, •county, and afterwards admitted to probate there. The issue that is made here is solely on one matter. There is no issue made but what the decedent, at the time that he signed the will, had the capacity to make the will, and the signature purporting to be his on the will is his signature, and the will was- signed' in the presence of two witnesses, who signed it in his. presence as provided by the statute, and that it was properly signed by the witnesses.
The sole question made in this action is that the will is not signed at the end of the will as provided by the statute,' The *162 will itself was drawn on the printed blank such as is in common use, of one sheet, and all drawn upon one page. After the printed' forth' at the beginning of the will there is Avritten the dispositive clause in AA'hich he disposes or undertakes to dispose of his property, and names an executrix of his Avill. After that there is a space of some six inches betAveen that and AA'hat is commonly knoAvn and called the testamoninm clause. Directly under the testamonium clause in the space provided, the decedent, George O. Wilber, signed his name. Under that is the attesting clause signed by the Avitnesses.
The plaintiff’s.claim is, that because of the intervening spaqe between AA'hat is written in the AA'ill, and Avhere the decedent signed'his name under the testamonium clause, the AA'ill, on its face, Avas not signed at the end as provided by statute. In other Avoids, that there is so’much space between the dispositive part of the Avill and where he. signed, that the statute is not complied Avith.
So far as appears from the Avill itself it is regular. I mean (o say by that, there is nothing that appears, neither is there any claim made by the plaintiff, that there has been any interlineation or alteration or interpolation. The question is an interesting one, and a . question that has occupied the attention and consideration of courts, at diffei’ent times, and especially of later years. I do not remember now of ever having had my attention called to it before, notAvithstanding I have had something to do-Avith Avills, or that such a question was ever made in the courts of my OAvn county, at least since I have been at the bar. Quite a large number of authorities have been presented to the court on this matter but a good many of them, in fact the larger share of them, do not help very much on the question at issue. I mean by that, that something else has transpired or occurred in the execution of the will Avhich has been the turning point in the decision of the courts.
The state of NeAV York has a statute very much like our oavii, in fact I presume our own statute Avas copied largely from that of New York. In In re Will of O’Neil, 91 N. Y., 516, Avhere this matter was considered, and this question treated, there were *163 other irregularities. In that ease it appears a printed blank was used, and it xvas a printed blank such as is sometimes used, xxdiere there are several pages; the testamonium clause of the xvill xvas at the foot of the third page. The entire blank space in the xvill xvas filled with writing, and'there' xvas carried "over a portion of' the dispositive clause that' contained material provisions, to the top of the fourth page. The name of the testator-and the name of the. witnesses were written at the bottom of the third page. There xvas nothing in this paragraph that xvas-carried over to the fourth page to' shoxv that it had any reference, or was in any way connected xvith what had gone before. So that when‘the court came to consider that case1 it was vei4j> evident to the- mind of the court, that the will xvas not signed at the end thereof, for the reason that a material part of the xvill xvas carried over to the fourth page, xvritten after and below- xxdiere the testator had signed.
' Thafi xvas- also true in the case of In re Conway, 124 N. Y., 455, xxdiere a blank form xvas also used, and the blank form xvas xipon one side of the paper, but on that sheet at. the end of the last line there xvas interlined “carried to the back of the will” arid upon the back of that sheet xvas xvritten the word “continued;” Now the testator signed on the first page, and a part of this xvas carried over after the testator had signed, on the back-of -the page. It xvas very evident to the court that the testator had not signed at the end of: the xvill.
In re Witney’s Will, 153 N. Y., 259, a printed blank xvas used xvith only one page, and at the bottom of the page the testator signed, and the subscribing witnesses, and in that xvill there xvas carried over onto another sheet a portion of that will xvritten on a separate piece of paper attached to the face of the blank, and it was very clear to the court that the testator had not signed at the end of that will.
In In re Andrews’ Will, 162 N. Y., 1, a printed blank xx-as used which consisted of a sheet of four pages. This xx^-as a very singular blank, as it appears to us. The formal opening or part of. the. xvill, was. printed on the first page, leaving the rest of that page blank, and on the top of the second page was the *164 attesting .clause..- Now in writing the will the scrivener, after waiting-' oiv .the- .first page, had gone over to the third page after, the;attesta.ticin clause, and -from there went back to the second page,-- The-'testator .and witnesses had. signed the attestation clause [oh the second page,-..and .it was very evident in that will, that-a; material-part of that. will, had been written following the signature -of the. testator, and .that he.'had not signed at the end of ..the, will',: although in all those wills perhaps, as has been said by .the-'coxxrts; .the testator, supposed he was signing his'will and had.such an- intention, b'ut.it was vex’y evident, and was clear, that. ¡he. had not signed at the end of the will. Now all of those. New. York cases, that-' We have been able to.find are in that condition-, • so. that we do not-have in axxy-of those eases the exact qxxestion-which is made here. •
•In our own state quite early this- question came up¡-,- ,In Glancy v. Glancy, 17 Ohio St., 134, the qxxestion arose as to what was meant'by signing at the. end thereof as-required by the act relating to wills. The will in this case--was drawn up on a sheet of .-letter, paper filling two pages,- and.-the will- eonelxxded at-the end of the second sheet,, and after the .testamonium .clause the testator1 signed, then the attestation clause w-as signed by the witnesses; but after that, and on the top of the third page, the-testator wrote the 'following: . -
•“N. B.—Should my wife' have. more heirs by me' they are'equally in all at the same tixxxe the others do.” ... •
There, was an evident disposition to make another provision, and. it was after the disposing part of his will, underneath this the witnesses signed, but not the testator, so the coxxrt said, and w¿s. evidently right about it, that the testator had not signed at the end of his- will. So that the identical' qxxestion presented in this case does not appear here. . . .
In Baker v. Baker, 51 Ohio St., 217, after the decedent had signed, so far. as appears, at the end of the testamonium clause, and it .had been witnessed, he wrote these words: “My sister-in-law'is ' not required to give bond when probated.” 'Now the court in disposing- of 'this case said that they did not think *165 that what was written after the signature of the testator invalidated this will. In other words, that it was not an essential part of the will, and the rule would not apply. Now if an addition can be made to the will after the testator signed which does not affect the disposing part of the will, .in other words is not a dispositive clause, then a testator might with equal safety write in other things if he saw fit, above, his signature, other suggestions of greater or less length, other than of a dispositive nature, so that while -it might not affect the question materially, necessarily the decedent or testator would not be obliged to sign immediately under the disposing part of the will; there might be other things said in his will after the disposing part, and not affect the validity of the will.
This case that is referred to, Mader v. Apple, 6 N. P.—N. S., 592, is a late decision, made in February, 1908, by the judge of the Court of Common Pleas of Shelby County. It seems that the question was made there, and evidently many authorities were presented on both sides. There was a will in which was used a printed blank form, not, however, just like the one in question that we have before us, as that was a double sheet, in which I think it appears that the testamonium and attestation clause was at the end of the third page, very much space intervened, twenty-three and a half inches or such a matter, between the disposing clause written in' the will and where the testator-signed at the end of the testamonium clause.. Judge Mather, in his decision, indicated that the law that governed him in the decision very much were the decisions in Irwin v. Jacques, 71 Ohio St., 395, and Sears v. Sears, 77 Ohio St., 104. I might ¡.say, before passing to that, however, that in the ease cited by counsel, Willis v. Low, Robinson’s Ecclesiastical Report, which is an English ease, it is very evident to counsel and the court that the court was holding very close to the technicalities of the law. This was a case in which some three pages had been used. At the bottom of the third page there was sufficient room, consisting of something like eight-tenths of an inch, as we recall it, where the testator might have signed, and where there was room also for the, attesting witnesses to sign. They did *166 not, however, sign at the bottom of that page, but going over on the fourth page and partially opposite the attesting clause, the testator signed, and that court held that it was not signed as provided by their statute of Avills, at the end or foot thereof. In the note that is cited in that case, Willis v. Low, supra, the Avill Avas Avritten on the first page and part on the second page, and then quite a blank space intervened between Avhat Avas Avritten on the second page and the bottom of the second, being nearly four inches; the scrivener then passed to the third page and without commencing on the top of the third page dropped down some two or three inches, then wrote the testamonium clause and the" testator signed; I am inclined to think, if I recollect, that so far as appears in that case the testator and Avitnesses all signed at the end of the attestation clause. It does not appear that a printed blank form A\?as used but it Avas Avritten by the scrivener.
Noav, as to the cases in Ohio', Irwin v. Jacques and Sears v. Sears, supra: First, in Irwin v. Jacques, there Avere tAvo irregularities apparently in this case. First, the testator did not sign the Avill at the end of the testamonium clause, but there was a blank space betAveen the testamonium clause and attestation clause of some length, an inch or tAvo evidently left for the testator to sign, and Avhich space he did not use for that purpose, but did sign at the end of the attestation clause. Not very much is said about that, however, in this ease, but the case seemed to turn very largely on a disposing'part of the AA'ill that Avas Avritten on the margin and opposite the end of the Avill, or testamonium and attestation clause; and this marginal reference Avas evidently a disposing part of the Avill. It Avas not connected, so far as appeared by the will, in any Avay with the body of the Avill Avritten in the ordinary place for Avriting the Avill. Not connected by any mark or sign, or any indication whatever that it had anything to do Avith the rest of the will. More than that, this Avas written on the margin below even Avhere the testator signed, at least a portion of it, or at the bottom of the attestation clause, and the court held that because of that fact the will Avas not signed at the end as provided by the statute. The court says:
*167 “The lower end of the clause is an inch or more below and to the left of the name of the witnesses, and three inches below and to’ the left of the signature of the testator. ’ ’
This ease seemed to hinge and turn upon that question, as I said, and very little, if anything, was said about the fact that the testator did not sign at the end of the testamonium clause but at the end of the attestation clause, so that case, in our judgment, does not help the court very materially in this case at issue.
Now, coming to Sears v. Sears, supra, which, so far as we know, is the last utterance of the Supreme Court of this state on this question. We find a case like this: Here ivas a will that was written, and between the last of the disposing part of the will as written by the scrivener and the testamonium clause was a space of something like six inches, as said by the court. Then follows the testamonium clause. The testator did not sign at the end of the testamonium clause but after the attestation clause the testator signed. The court goes into a learned discussion of the law on this question in other states and in England, and also regarding the question that is treated by Judge Slather, arid which has often been referred to as to the intention of the testator not governing, but what was the intention of the Legislature, in the act itself. We call attention of' counsel to what the court in this case said about intention, with relation to what in fact was the end of the will. Whether in ■fact the end of the will is at the end of the disposing part of the will, or at the end of the testamonium clause. So far as we have been able to discover the court nowhere, in this ease of Sears v. Sears, supra, intimates otherwise than that if the testator had signed that will at the end of -the testamonium clause it would have been a valid will, notwithstanding the fact that as much space intervened between the disposing part of the will and the testamonium clause as appears in the will before us. Nowhere do we find in that ease, and we have read it carefully, and if there is anything we failed to find it, that the court intimates that it would in any way affect the validity of the will, the fact that there was a blank space between the *168 disposing part and testamonium clause. Now the court said, and we call attention to the matter of intention in Sears v. Sears, supra, on page 127:
“In the case before us the will is not signed by the testatrix at the end thereof.”
The testamonium clause is as follows:
“In testimony whereof, I have set my hand to this my last will.and testament at Lakewood, Ohio, this sixth day of June, in the year of our Lord one thousand nine hundred and three.”
Then follows a blank space with a dotted line evidently intended for the placing of the signature of the testatrix, which does not appear there. The court says:
“The obvious purpose for which this blank line was left was for the signature of the testatrix, and it was intended as the end of the will. The absence of her signature there not only discloses that the will is not signed by her at the end thereof, but also implies that she did not sign it at all. ’ ’
So that to us it seems the court has very clearly indicated that the end of the will as intended by the testatrix was at the end of the testamonium clause; and as we have said, notwithstanding in this will there appeared to be a blank space of six inches between -the end of the disposing part of the will and the testamonium clause.
How the court in Shelby county could have used that on which to base his decision we are unable to see.
-It might be contended that it would make no difference whether there was a space of one inch or twenty inches between the end of the disposing clause and testamonium clause, yet it might make some difference. In the words of the Supreme Court, perhaps in Baker v. Baker, supra, the court used the word the will was signed in substantial compliance with the statute, and that may have been what the court meant by this. Now under that decision of the case of Sears v. Sears, supra, taking the will before us, written on the first page and entirely written on the first page, evidently regular on its face, with no interlineations *169 or additions, alteration or interpolation, with no more space intervening than evidently intervened in the ease of Sears v. Sears between the disposing clause and testamonium clause, and where that ease seemed to turn entirely upon the fact that the testamonium clause was as the court said, the end of the will, and that the testatrix did not sign it there and therefore did not sign it at the end of the will but after the attestation clause, that not appearing here, we are unable to see how the law in this state would lead us to sustain this motion. We may be wrong about it; if we are, the parties have their remedy, and we overrule the motion.
Thereupon contestant offering no evidence the court directed a verdict for defendant sustaining the validity of the will.