Matter of the Estate of JANE G. LOWDEN, Deceased.

(Surrogate's Court, New York County, April, 1919.)

**Wills — execution of — probate denied on ground that instrument was not signed at the end thereof.**

> It is still the law of this state that a will must be signed at the physical end thereof.
> Where an alleged will was drawn on a printed blank consisting of one sheet folded double, and the part appearing on pages 2 and 3 is wholly without the body of the instrument and is merely referred to on page 1, which the testatrix and the subscribing witnesses signed at the bottom, and to read the paper it is necessary to skip a part of that page, turn over to pages 2 and 3 and then turn back to page 1, in order to have the sense connected and the language grammatical and continuous, probate will be denied on the ground that the instrument was not signed at the end thereof.

PROCEEDING upon the probate of a will.

Samuel L. Greacen, for proponents.

Robert F. Greacen, contestant in person.

Middlebrook & Borland (Middleton S. Borland and William D. Smith, of counsel), for Martha Moorehead and Martha W. McLaughlin, legatees under the will.

COHALAN, S.   The only question arising on this contested probate proceeding is whether or not the

Surrogate's Court, New York County, April, 1919.     [Vol. 106.

paper propounded as the last will of Jane G. Lowden is signed at the end thereof as required by the Decedent Estate Law, section 21. There is no issue of fraud or forgery involved. Nor is there any claim that the instrument propounded has been tampered with after execution. The testatrix died on March 30, 1918, leaving her surviving as her only next of kin and heirs at law, three sisters and five children of a deceased brother. It is a son of her deceased brother who is the contestant herein. The estate consists of personal property only.

The alleged will was written on one of the usual printed legal forms obtainable at law stationers, which consists of one sheet of paper folded over at the middle to form four pages, the fold being at the top of the blank form. At the top of the first page are the usual introductory words in print, " I, ........, being of sound mind, etc." Following this portion of the printed form is a blank space of about four inches, presumably for bequests and devises. Near the middle of the sheet and immediately following the blank space above mentioned, the printed matter again appears commencing with the words, " I hereby appoint ........ to be executor of this my will and testament." The remainder of the first page contains the usual printed matter on such forms including an attestation clause. The other pages of the form are blank.

The propounded instrument is not a holograph. The difficulty arises because the blank space for bequests proved to be inadequate, as the same was exhausted before all the bequests were written in by the draftsman of the will. Three bequests and part of the fourth are written in the blank space provided therefor. The latter bequest begins: " I give to my sister-in-law Rebecca." In the margin, immediately following, appear the words " continued on back." On the reverse

side, or page 2, the bequests are continued in grammatical order by the words " Greacen one hundred dollars ($100.00)." The whole of the second page and about one-half of page 3 consist of additional bequests. Page 4 is blank. The printed matter on page 1 is filled in in the usual manner and the instrument propounded is signed and witnessed at the bottom thereof.

Previous to the decision of the Court of Appeals in *Matter of Field,* 204 N. Y. 448, the decisions of the courts of this state held that the statute required a will to be subscribed by the testator at the physical or actual end of the testamentary document. *Matter of Whitney,* 153 N. Y. 259; *Matter of Andrews,* 162 id. 1; *Matter of Conway,* 124 id. 455; *Matter of O'Neil,* 91 id. 516. Since then, the authorities last cited have been followed in several instances. *Matter of Reisner,* 81 Misc. Rep. 101; *Matter of Schroeder,* 98 id. 92; *Matter of Van Tuyl,* 99 id. 618.

The proponents contend that since the decision of the Court of Appeals in *Matter of Field, supra,* the courts of this state have inclined to a more liberal interpretation of the statute, and that the interpretation which now prevails is that the end of a will means not the physical end only, but the logical end of the instrument as written. With this view I disagree. It is not the intention of the alleged testator but that of the legislature which governs in the determination of this matter. *Matter of O'Neil,* 91 N. Y. 516; *Matter of Blair,* 84 Hun, 581; affd., on opinion below, 152 N. Y. 645; *Matter of Andrews,* 162 id. 1; *Matter of Field,* 204 id. 448. That part of the alleged will which appears on pages 2 and 3 is not a part of the body of the instrument and is not physically incorporated therein. On the contrary it is wholly without the body of the propounded instrument, and is merely referred to on page 1. To read the instrument it is necessary to skip a part of page 1, then turn over to pages 2 and

3 only to turn back again to page 1 in order to have the sense connected and the language grammatical and continuous. Such circumstances bring this matter within the decisions of the Court of Appeals which antedate *Matter of Field, supra.* Those decisions are in my opinion controlling. Under the special circumstances of the latter case, the court limited the application of previous authorities, but did not go so far in its determination as the proponents assume. The facts in the *Field* matter are different from the instant case, and the principle therein laid down cannot be applied. The propounded instrument, not having been signed at the end as required by the statute, the same is not entitled to probate. Costs will be allowed the proponents.

**Probate denied.**