In the Matter of the Estate of PATRICK J. RYAN, Deceased.[*]

Surrogate's Court, Orange County, October 24, 1928.

*Henry Hirschberg*, for the proponents.

*Louis Solomon* [*Louis Lande* of counsel], for the contestant.

SMITH, S. The paper writing purporting to be the will of the above-named deceased, read straightforward and without interruption from the beginning to the end, is as follows:

"IN THE NAME OF GOD, AMEN.

"I, Patrick J. (X) Ryan, being of sound and disposing mind and memory, and considering the uncertainty of this life, do make, publish and declare this to be my last Will and Testament, as follows:

_____

[*] Revd., 226 App. Div. 825.

First, after my lawful debts are paid, I give and devise to my sons Luke J. Ryan and James Ryan their heirs and Assigns forever all my real and personal estate owned by me in the town of Newburgh County of Orange State N. Y. consisting of dwelling and outer building and five acre ground more or less on the south Plank Road.

(over)

" I hereby appoint James Ryan to be Execut of this my last Will and Testament; hereby revoking all former Wills.

" In witness whereof, I have hereunto subscribed my name and affixed my seal, the 16th day of June in the year of our Lord, one thousand nine hundred twenty seven.

" Witnesses,         PATRICK (X) J. RYAN
  " ANNA D. BANKS
  " JOSEPHINE B. STAPLETON R. N.
  " MRS. BRIDGET STAPLETON
  " Subscribed by the testa named in the foregoing Will, in the presence of each of us, and at the time of making such subscription the above instrument was declared by the said Test to be last Will and Testament, and each of us, at the request of said Testat and in presence and in the presence of each other, sign our names as witnesses thereto, at the end of the Will.

" Anna D. Banks     Residing 150 W. Parmenteo St.
" Josephine B. Stapleton   Residing 317 Water St., Newburgh
          N. Y.
" Mrs. Bridget Stapleton   Residing 317 Water St.

" I also bequest to my Sons Luke J. Ryan, James Ryan the real estate own by me at Barnegat Park Berkeley township Ocean Co. New Jersey to their heirs forever.

" To my Son Thomas F. Ryan I give and bequest the sum of Three Thousand Dollars.

" All the rest of my remaining real and personal estate I give and devise to my sons Luke J. Ryan and James Ryan in equal shares."

This instrument was prepared on a printed form by a colored domestic employee of the deceased at his direction. It consists of two sheets of four pages of paper, fabricated in one long sheet folded in the usual manner. The usual formal commencement is printed at the top, and the clause appointing the executor, the place for date and signatures, and the attestation clause are printed at the bottom of the front or first page.

The writer found the unprinted space on the first page insufficient

to complete the will and, after writing the word and signs " (over)," continued as indicated on other portions of the unprinted space furnished by said paper. Nearly one-half of the second sheet and the entire third sheet remain unused, in such condition that it was possible to add clauses to the paper after it was executed. The attorney for the proponent concedes that such alleged will would have been refused probate prior to the recent decision of the Court of Appeals (*Matter of Field*, 204 N. Y. 448), but claims that the rule was changed by that decision, and cites a decision by Surrogate Fowler (*Matter of Peiser*, 79 Misc. 668) in support of his contention. He also claims that the will can be probated by disregarding the subject-matter on the second page.

It is my opinion that the facts in connection with the will presented for probate are different from those presented in *Matter of Field* and *Matter of Peiser*, because the paper presented does not read straightforward and without interruption from beginning to end, but is similar in form to the will refused probate in *Matter of Andrews* (162 N. Y. 1) in that material portions of the will follow the signature of testator and the witnesses, and it is necessary to skip a part, and turn backward, and then to look forward, in order to have the sense connected and continuous. It is true that *Matter of Andrews* is an extreme case, as stated by the Court of Appeals in *Matter of Field*, but this court is bound by that decision. *Matter of Peiser* presents a different state of facts, in that the will presented for decision in that case was signed at the end of the will.

The will presented for probate in this case was not executed in the manner required by section 21 of the Decedent Estate Law and must be refused probate. This view is in accord with many decisions of various surrogates which have been rendered in similar cases, which have been decided since the decision in *Matter of Field*. The claim that the portion of the will which precedes the signatures may be received and the remainder rejected cannot be supported. The statute denies probate to a will not executed in accordance with its provisions. It is either valid or invalid as an entirety, as far as its execution is concerned.

Decreed accordingly. Submit decree, with three days' notice of settlement.