In the Matter of Proving the Last Will and Testament of PATRICK J. RYAN, Deceased. JAMES RYAN, as Executor, etc., Appellant; THOMAS F. RYAN, Contestant, Respondent.— Decree of the Surrogate's Court of Orange county, in so far as appealed from, reversed upon the law, with costs payable out of the estate to all parties appearing and filing briefs, and will admitted to probate upon authority of *Matter of Field* (204 N. Y. 448). Lazansky, P. J., Young and Seeger, JJ., concur; Rich and Kapper, JJ., dissent upon the ground that the document purporting to be a will was not subscribed at the end thereof. [133 Misc. 174.]

In the Matter of the Application of MARIA VACARELLA for a Writ of Habeas Corpus to Bring up the Bodies of JOSEPH VACARELLA and Others. CARMELO RIZZA, Appellant; MARIA VACARELLA, Respondent.— Order reversed upon the law, without costs, and proceeding remitted to the Special Term for a hearing upon the facts, with leave to petitioner to file an answer or traverse to the return. It was error for the Special Term to make a summary order awarding the custody of these children without taking testimony. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

DAVID L. KELLER, Appellant, v. C. F. AHLSTROM, INC., Respondent.— Judgment and order affirmed, with costs. No opinion. Rich, Young, Seeger and Carswell, JJ., concur; Lazansky, P. J., dissents upon the ground that the verdict is against the weight of the evidence as to damages.

MAX KESSLER, Respondent, v. MAX GOTTLIEB, Appellant, and HYMAN GLUCHOFSKY, Defendant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion to dismiss complaint for failure to prosecute granted, with ten dollars costs. The case was marked off the calendar October 31, 1924, after having been on the calendar for two years. No motion was made to restore it until March 7, 1929. The delay was unreasonable and no valid excuse therefor is given. The appellant, Gottlieb, was prejudiced by the delay because his codefendant, who was at least jointly liable, and liable to contribution, has since become bankrupt and has been discharged from the debt in question. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

EMMA LUEBKE, as Administratrix, etc., of FREDERICK LUEBKE, Deceased, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, INC., Appellant.— Order granting motion for examination, discovery and inspection affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

JOSEPHINE B. MANUELL, as Administratrix, etc., of LAWRENCE C. MANUELL, Deceased, Appellant, v. MARCUS CONTRACTING CO., INC., Respondent.— Order denying examination before trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that the examination sought is within the exceptions to the general rule as defined in *Oshinsky* v. *Gumberg* (188 App. Div. 23, 24). Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur. Settle order on notice, providing for time and place of examination; same to proceed on five days' notice.

ANDREA MARCHETTI and ELISA MARCHETTI, Appellants, v. VITO F. LANZA and DOROTHY L. BRENNAN, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ.