In the Matter of Proving the Last Will and Testament of Isabelle Roughgarden, Deceased.

Surrogate's Court, Erie County, April 5, 1937.

*Howard W. Barrett,* for the proponent.

*Templeton, Turnbull & Templeton [Foster B. Turnbull* of counsel], for the contestants.

Hart, S.   Isabelle Laverty Roughgarden died February 13, 1937, leaving a last will and testament which was written on one of the ordinary printed forms sometimes used for this purpose.   It consisted of one sheet.   On the first page is the following:

" Last Will and Testament

" I, Isabelle Laverty Roughgarden of the Village of Angola in the County of Erie and State of N. Y., being of sound mind and memory, do make, publish and declare this my last will and testament, in manner following, that is to say:

" *First.* I direct that all my just debts and funeral expenses be paid.

" *Second.* To my sister Rose Wellington & my Husband Wm. B. Roughgarden and Geo. Burrington Sr. be give each two shares as the property is divided, My Sister Nellie Clark Four Shares under an agreement we have together to my Nephews & Nieces named below one one share each Robt. G. Clark, Robert Wellington Anabelle Wellington Ray Dawley Leroy Dibble Wallace Dibble Marvin Dibble Marie Ferris Robert C. Laverty Gordon S. Laverty Jeanette Laverty

" *Lastly.* I hereby appoint Leroy M. Dibble and Robert J. Laverty executors of this, my last Will and Testament: hereby revoking all former wills by me made.

" In Witness Whereof, I have hereunto subscribed my name the First day of April in the year One thousand nine hundred and Thirty.

" ISABELLE ROUGHGARDEN

" We, whose names are hereto subscribed, do certify, that on the 1st day of April 1930 Isabelle Roughgarden the testator, subscribed her name to this instrument in our presence and in the presence of each of us, and at the same time, in our presence and hearing, declared the same to be her last Will and Testament, and requested us, and each of us, to sign our names thereto as witnesses to the execution thereof, which we hereby do in the presence of the testator and of each other, on the said date, and write opposite our names our respective places of residence.

" Robert J. Laverty, residing at Angola, N. Y.

" Max Feris, residing at Angola, N. Y."

On the back of the first sheet, in the same handwriting and apparently with the same pen and ink, is written:

" It is further directed that my old Furniture be divided as my Sisters and Brother may agree and that they have access to the premises at any time they wish to come and that they shall not be interfered with Any one causing trouble or Litigation to this my last Will shall be cut off with (One Dollar) I also direct my Executors to rent the property take care of Insurance & Taxes untill such time as they may be able to dispose of it to the best advantage I also direct that out of the property that My Sisters & Geo. Burring-

ton shall be paid first the rest of the property to be divided after paying all the bequests in the same manner untill all is sold & divided I also direct that my Sister Nellie Clark shall stay at my home untill sold she shall not be caused any trouble she is to remain if she so desires.

"Signed    ISABELLE ROUGHGARDEN."

The contestants claim this will is void, not being witnessed at the end as required by section 21 of the Decedent Estate Law.

This court fully realizes that the primary rule governing the interpretation of wills when admitted to probate, recognizes and endeavors to carry out the intention of the testator, but that rule cannot be invoked in the construction of the statute regarding their execution. In this connection the courts do not consider the intention of the testator, but that of the Legislature.

There have been cases in which probate has been allowed where the matter following the signature of the testator and the signatures of the witnesses has been determined to be immaterial and unimportant clauses and where the clauses were not dispositive. Such is not the instant case, and I am of the opinion that *Matter of Field* (204 N. Y. 448) and *Matter of Gibson* (128 App. Div. 769) do not apply.

The deceased, by the words following the signature and attestation clause, disposes of the furniture, cuts off any of the beneficiaries who might attempt to cause trouble or litigation, empowers the executors to rent the property, and gives them the power of sale. Surely this matter cannot be classed as immaterial, unimportant, or not dispositive.

As has been often stated, "the aim of the statute is to prevent fraud. To surround testamentary dispositions with such safeguards as will protect them from alteration. The provision is a wholesome one and was adopted to remedy real or threatened evils. It should not be frittered away by exceptions. While its provisions should not be carried beyond the policy of the framers of it, that policy should not be defeated by judicial construction. (*Sisters of Charity* v. *Kelly*, 67 N. Y. 409.)" (*Matter of Conway*, 124 N. Y. 455, at p. 457.)

The importance of the reason for the design of the Legislature and the desire of the courts to carry out the intent impresses a duty upon the courts of exercising due care in declaring any particular instrument of the nature of the one in question validly executed.

Probate is, therefore, denied. (See *Matter of Ryan*, 133 Misc. 174; affd., 252 N. Y. 620; *Matter of Conway*, 124 id. 455.)

Let a decree enter accordingly.