In the Matter of the Probate of the Will of FLORA J. ALLEN, Deceased.

LENA DUNHAM et al., Appellants; MONROE M. SWEETLAND, as Executor of FLORA J. ALLEN, Deceased, et al., Respondents.

Argued March 4, 1940; decided April 16, 1940.

*Clayton R. Lusk* and *Hampton Halsey* for appellants. The burden of proving that the requirements of section 21 of Decedent Estate Law (Cons. Laws, ch. 13) were complied with rests upon the proponent. (*Rollwagon* v. *Rollwagon,* 63 N. Y. 504; *Matter of Van den Heuvel,* 76 Misc. Rep. 137.) The law as to holographic wills written on separate sheets of paper not numbered and not permanently bound together is that conclusive proof must be given that they were all present in the same condition when the signed sheet was executed as when the different sheets are offered for probate. As a matter of law the proponent has not brought himself within this rule. (*Matter of Stege,* 161 Misc. Rep. 667; *Matter of Hakes,* 75 App. Div. 403; *Matter of Whitney,* 153 N. Y. 259; *Matter of Field,* 204 N. Y. 448; *Titcomb* v. *Powers,* 108 Me. 347; *Sisters of Charity* v. *Kelly,* 67 N. Y. 409; *Matter of O' Neil,* 91 N. Y. 516.)

*Monroe M. Sweetland,* as executor, in person, respondent. The will was duly executed. (*Trustees of Auburn Seminary* v. *Calhoun,* 25 N. Y. 422; *Matter of Cottrell,* 95 N. Y. 329; *Matter of Fitzgerald,* 33 Misc. Rep. 325; *Roche* v. *Nason,* 105 App. Div. 256; 185 N. Y. 128; *Matter of Field,* 204 N. Y. 448; *Matter of Maginn,* 281 Penn. St. 514; *Matter of Sleeper,* 129 Me. 194; *Matter of Wood,* 144 App. Div. 255.) There is nothing wrong in the writing nor fastening of the separate sheets constituting the will. (*Matter of Snell,* 32 Misc. Rep. 611; *Matter of Field,* 204 N. Y. 448.)

*A. W. Feinberg* for Masonic Lodge of Groton, N. Y., No. 496, et al., respondents.  A fact may be proved directly or by inference or legal presumption based on other proven facts.  The presence at execution of the unsigned sheets and their attachment to the signed sheet of the will may be proven as a fact by rebuttable inference. (*Matter of Board of Education,* 173 N. Y. 321; *Crossman* v. *Crossman,* 95 N. Y. 145; *Roche* v. *Nason,* 105 App. Div. 256; 185 N. Y. 128; *Matter of Abel,* 136 App. Div. 788; *Matter of Snell,* 32 Misc. Rep. 611; *Matter of Fitzgerald,* 33 Misc. Rep. 325; *Matter of Dake,* 75 App. Div. 403.)  As a matter of law there is substantial evidence to support the facts that the will was duly executed on the ninth page and that the eight pages attached to the ninth page by metal clips were present at the time of execution.  (*Matter of Turell,* 166 N. Y. 330.)  The facts found by the Surrogate and affirmed by the Appellate Division support the decree of probate as a matter of law.  (*Matter of Field,* 204 N. Y. 448; *Roche* v. *Nason,* 105 App. Div. 256; 185 N. Y. 128; *Matter of Snell,* 32 Misc. Rep. 811; *Matter of Kellum,* 52 N. Y. 517; *Matter of Turell,* 166 N. Y. 330; *Matter of Cottrell,* 95 N. Y. 329; *Matter of Sizer,* 129 App. Div. 7; *Matter of Mullin,* 143 Misc. Rep. 256; *Matter of Schillinger,* 258 N. Y. 86.)

SEARS, J.  Upon this appeal the contestants, next of kin of Flora J. Allen, deceased, challenged the validity of the decree admitting to probate as a last will and testament certain writings of hers on the general ground that the record is lacking in proof that the writings probated as a will constitute a single instrument which the testatrix executed as her will.  These writings are in the testatrix's own hand and are on sheets of legal cap paper which, when the will was found, were fastened together only by five metal clips slipped over, but not piercing, the ends of the sheets on which the testatrix had written.

It is not necessary to describe the particular sheets in complete detail, but some description of them must be

given. There are nine pages on which writing occurs. The first four pages of writing are on two folded sheets of legal cap paper written in such a way that the folds are at the bottom, the four pages being fastened together with mucilage or paste at the top. The inside pages of each folded sheet are blank. Two other folded sheets of legal cap are written on in the same way, but are not fastened, except for the metal clips, to other sheets. The fifth sheet of legal cap paper has been trimmed at the bottom and opened up and laid flat so as to consist of a single page. It is not fastened to any of the other sheets except for the metal clips. On this single page the testatrix's signature occurs as well as the attestation clause and the signatures of the witnesses. Three different kinds of legal cap paper have been used for the nine pages. The first four pages, which are securely fastened together, are on one kind. The other two full folded sheets are on a second kind. The final page is on a still different kind of paper, trimmed to a different length. At the head of the first page the word " Will " is written and under this the date " Nov 15th, 1928." The page on which the testatrix wrote her signature bears the date of the 18th day of May, 1931. The testatrix's writing on the final page was done with a steel pen; on the other eight pages her writing is with a quill pen. The pages are not numbered. The paragraphs of the will are not numbered. The two unattached full-folded sheets are largely duplications, one of the other. On one certain blanks have been left unfilled, while in the corresponding provision in the other there is no blank left. The second page of each of these two unattached folded sheets is largely blank. In one case there are but four lines of writing; on the other, three. There is no continuity in sentences between the writings on different pages, except when the pages are on the same folded sheet. There is no continuity or logical arrangement of testamentary provisions. There are pin marks at the top of the sheets which were pasted together. No pin marks are in the unattached sheets, but pin marks occur again at the top of the final page. The pages thus

described were found after the testatrix's death at her home in a typewriter case. In the typewriter case were also found two deeds, a memorandum for the distribution of gifts and some miscellaneous papers seemingly of little importance.

The attesting witnesses were sworn as to the execution and publication of the will which were established in full compliance with the statute. When the will was offered for probate the two attesting witnesses signed the usual depositions containing, among other things, the statement that the instrument " now appears, in all respects, as when executed, without any alteration whatsoever." When examined before the Surrogate, however, it appeared that neither witness saw any of the writing except that on the page on which they signed their names. They did not know how many sheets there were. One witness testified that there were several, and the other expressed the thought that there were some other sheets but was not clear about it. The witness who said that there were several sheets of paper gave testimony that he did not know whether at the time the will was executed the sheets were fastened together or not, but stated that if they were fastened together they were fastened together at the top, folded together at the top, and that they didn't come apart when they were handled at that time. This witness wrote the two lines above the deceased's signature before the testatrix subscribed and he also wrote the complete attestation clause.

The burden was upon the proponent to establish that the paper offered for probate was the last will and testament of the deceased. It is not enough to conclude that the sentences on the pages admitted to probate as the will embodied the deceased's testamentary wishes; it must be established that all the writing formed a single instrument which the testatrix subscribed and which she published as her will in the presence of the attesting witnesses. (*Matter of Whitney*, 153 N. Y. 259; *Matter of Dake*, 75 App. Div. 403.) The statute, to prevent fraud, prescribes definite formalities, the establishment of which is necessary for probate. It is the intention of the Legislature rather

than of the decedent to which in such cases as this courts must give effect. (*Matter of O'Neil*, 91 N. Y. 516, 520; *Matter of Andrews*, 162 N. Y. 1; *Roche* v. *Nason*, 105 App. Div. 256; affd., 185 N. Y. 128.) Slight evidence of the joining of the papers in some permanent form or other integration will suffice. (*Matter of Field*, 204 N. Y. 448; *Roche* v. *Nason*, 105 App. Div. 256; affd., 185 N. Y. 128.) Here, neither the proof by the witnesses nor the internal evidence establishes the unity of the instrument. To be sure the will is holographic, and in such case there is small danger of defeating the intention of the deceased. Still, a holographic will must be executed with the same formalities as any other. Such is the command of the Legislature. To admit to probate such an instrument as is here before us on such proof but opens the door to the nullification of statutory provision and probably in some cases to fraud.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed, with costs in all courts to each party filing a separate brief payable out of the estate, and the application for probate denied.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.