In the Matter of the Estate of WALTER DIEDRICK OLTMANN, Deceased.

Surrogate's Court, Richmond County; March 13, 1942.

*Joseph Apfel*, for the proponent.

*Irving Ginsberg*, special guardian.

BOYLAN, S.  A certain purported holographic document has been propounded for probate as the will of decedent.  It is written on an oblong sheet of white paper and appears to be signed by the decedent.  The dispositive directions end almost at the bottom of the sheet and are followed by the signatures of the decedent and one witness.  There is insufficient room there for another signature.  On the left-hand margin of the sheet, beginning one line above the last line of the dispositive directions and continuing to a point above the first word of the will, parallel with the longer edge thereof is written " Witness: Gene M. Cleverly, Pleasant Plains, S. I."

The special guardian has objected to the probate on the ground that subdivision 4 of section 21 of the Decedent Estate Law has not been complied with in that the one witness did not sign at the end of the will.  This subdivision reads as follows:

" Manner of execution of will.  Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:  *  *  *

" 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

This statute is to be strictly construed.  (*Sisters of Charity* v. *Kelly*, 67 N. Y. 409; *Matter of O' Neil*, 91 id. 516; *Matter of Conway*, 124 id. 455; *Matter of Andrews*, 162 id. 1.)

In order to satisfy the statute the witnesses must sign at the physical end of the will.  This end is reached when the instrument

is read in the natural and consecutive method of reading without turning backward, or skipping a part and then looking forward only to turn backward again in order to have the sense connected and continuous. (*Matter of Andrews, supra; Matter of Field*, 204 N. Y. 448; *Matter of Ryan*, 133 Misc. 174; revd., 226 App. Div. 825; affd., 252 N. Y. 620.)

It is obvious that the term " end of the will " is that point in the document at which the dispositive provisions thereof terminate. (*Matter of Levanti*, 141 Misc. 248.) The end of the propounded instrument is at the bottom of the sheet where the testator and one witness signed. The signature of the second witness is not found at this point but above the signature of the testator and along the side of the will and in the margin thereof. Had the witness signed on the reverse side thereof, the will might have been signed " at the end " within the meaning of the statute. (*Matter of Sidenberg*, 115 Misc. 38.)

A similar case to this is *Matter of Levanti (supra)* in which Surrogate WINGATE denied the probate to a purported will on the ground that the statutory requirement was not complied with in that the witnesses had signed their names in the margin instead of at the end.

This court holds that the provisions of the statute have not been complied with and, therefore, denies probate.

Proceed accordingly.