In the Matter of the Probate of the Will of Sara N. S. Stever, Deceased.

Charlotte M. Root et al., Appellants; John H. Winters, as Executor of Sara N. S. Stever, Deceased, et al., Respondents.

Third Department, December 29, 1944.

*Frank B. Holsapple*, attorney (*William E. J. Connor* of counsel), for appellants.

*John C. Dardess*, attorney for proponent-respondent.

Hill, P. J. Appeal from a decree of the Columbia County Surrogate's Court which admitted an instrument to probate as the last will and testament of Sara N. Smith Stever. The sole objection presented and litigated was that the instrument was not executed in accordance with the statute. The objectors and appellants are first cousins of decedent. The will consisted of seven sheets of ruled paper. It was signed by the testatrix

and witnesses at the end of the attestation clause, which was written on one of the sheets, and by the testatrix at the bottom of each of the six other sheets. The date, July 30, 1942, appears at the beginning. The instrument was executed by the testatrix and witnessed in October, 1942, by a father and daughter who were neighbors. The father says that he saw several sheets, but did not count them; the daughter that the testatrix took several papers which were folded together from her bag, selected one and placed it on top and after saying that it was her will, signed it as did the subscribing witnesses; that there were more than two or three sheets, " there were several papers." A neighbor who went to the home of testatrix during her illness and stayed for thirty-five days, says that on December 28, 1942, testatrix asked to have her will read, which with securities was in " a secret place   *   *   *   in the wall " of the bedroom. She read the will to the decedent and identified each of the seven sheets offered for probate as being in the envelope which she took from the wall. Also at a later date during her stay the decedent asked that the will be gotten so that she might read it. As of Thursday, October 22, 1942, the decedent made an entry in her diary: " South wind. Mabel and her father came to witness my will. Then Mabel took me to the doctor. Got two pounds of lamb at $.15, bread and sticky tape." The seven sheets of this holographic will were not physically joined together, but the proof establishes testatrix' intent and understanding that collectively they were one instrument and her will.

The purpose of the statute is to prevent fraudulent changes in wills. It has been said that such changes are rare, and that a too rigid construction of the integration theory is apt to do more harm than good. (*Matter of Field,* 204 N. Y. 448, 455.) When, as in this case, the authenticity of the instrument has been clearly established, and a substantial compliance with the statute is shown, probate should not be denied because of the failure to use a pin or metal clasp, easily removed and replaced. While the *Field* case is cited frequently by the court of last resort, it was stated in the decision in *Matter of Ryan* (252 N. Y. 620) that it does not overrule *Matter of Conway* (124 N. Y. 455). It was cited also in *Matter of Allen* (282 N. Y. 492) where the lack of a pin or clasp was given great weight.

The testimony given by Miss Thater who read the will to testatrix is competent. In *Matter of Nelson* (141 N. Y. 152) the opinion indicates that the court considered evidence that twelve years after the execution of the will it was delivered to the testator who opened the envelope, examined the contents

and receipted for it as his will, also statements made by the testator after the execution of the will as to the reason which induced him to make a will at the time it was made. In *Matter of Will of Cottrell* (95 N. Y. 329) a holographic will was sustained. An item of proof considered by the court is shown by the opinion: " Nearly three years elapsed between the date of the will and the death of the testator, and he had, therefore, ample time and opportunity to supply any defects in its execution, if any existed, but at the last moment, when the subject of a will was brought to his attention, he evidently supposed that he had made a valid testamentary disposition of his property." (P. 339.)

The terse doctrine is frequently announced that in the execution of a will the intention of the Legislature as expressed in section 21 of the Decedent Estate Law is controlling rather than that of the testator. Each of the four requirements contained in that section of the statute was complied with in the execution of the will under consideration, and there is extraneous and competent evidence that the testatrix believed the seven pages together comprised the testamentary disposition of her property. The decree of probate should be affirmed, with costs payable from the estate.

All concur.

Decree of probate affirmed, with costs to the proponent payable from the estate.