In the Matter of the Probate of the Will of DORA M. ROBINSON, Deceased.

Surrogate's Court, Orange County, April 20, 1951.

*Herbert B. Royce* and *Victor O. Smith* for Datus C. Francisco and another, proponents.

*Lawrence E. Lagarenne* for Methodist Church of Monticello and others.

*Paul Morreale,* special guardian for Thomas Fisher, an infant.

*George L. Cooke* for Carrie B. Murray.

*Samuel W. Eager* for Cora M. Denison.

TAYLOR, S. This is another sad conclusion to the attempt of a layman to prepare her own will.

The testatrix procured a stationer's printed form. So far as the printing is concerned it is a one-page will. The document offered for probate may be said to consist of two pages, fabricated in one large sheet, being folded in the middle, lengthwise. Instead of the two pages together forming one will, the second or under page is exactly like the first page and was apparently intended to provide a carbon copy. Following the exordium clause there is a printed direction for the payment of debts and funeral expenses, following which is printed the word " Second " and lines on which one might write in the desired dispositive clauses. Following the thirteen printed lines there is printed appropriate wording for the appointment of an executor, revocation of other wills and power to lease, mortgage and convey real property. Then follows the testimonium ·clause, spaces for signatures of the maker of the will and two witnesses. Lastly, there is the printed attestation clause. All of this printed matter is on one page. On the reverse side of the one page is the usual indorsement.

Finding these thirteen lines, following the printed word " second," to be quite inadequate for her purposes the testatrix in the middle of a sentence on the last printed line has written the word " (over)," and then on the back of the first sheet, or the second page, the testatrix continues with dispositive provisions ending with clause " 11th ". On the third page, which is an

exact copy of the first page so far as the printing is concerned, the testatrix filled in the printed clause with respect to the appointment of executors, the testimonium clause, and again signed her name. Then going over to the last or fourth page there are other dispositive provisions, being consecutively numbered and ending with " 15th ". The indorsement on the fourth page is also completed. The document is signed on the first page on the line provided for the maker's signature, the two witnesses signed in the spaces provided, as well as at the end of the attestation clause, the blank spaces of which are properly filled in.

Aside from the question about to be discussed this document, which bears date December 6, 1946, was executed in compliance with the statutory requirements. There is, however, the troublesome question of whether or not the instrument was signed at the end thereof.

The statutory requirements (Decedent Estate Law, § 21) with respect to the physical execution of wills, are plain, simple and not a bit difficult of compliance in spite of which there are many cases in the books which discuss at length the question of whether or not some one or more of these requirements have been met. Briefly, the will must be subscribed by the testator " at the end of the will," which subscription must have been made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made, to each of the attesting witnesses; at the time of making such subscription, or the acknowledgment of the same, the testator shall declare such instrument to be his last will and testament; and, lastly, there shall be at least two witnesses each of whom shall sign his name as a witness " at the end of the will " by request of the testator.

The contention here made is that the document offered for probate was not signed by the testatrix " at the end," and the same objection might have been made with respect to the signatures of the witnesses, for they, too, must sign " at the end of the will ". (*Matter of Oltmann,* 178 Misc. 174; *Matter of Levanti,* 141 Misc. 248; *Matter of Reisner,* 81 Misc. 101.)

It must be conceded that the document offered for probate was not signed at the physical end, nor was it signed at the literary end, unless it can be said that one may read about two thirds down the first page, turn to the second, third and fourth pages consecutively and then return to the first page to complete the reading of the material upon the lower one third of the first page.

It must be conceded that the simple statutory rules for the execution of wills are for the protection of testators themselves, and particularly against fraudulent changes in or additions to wills. In the paper now before the court there was nothing to prevent some one other than the testatrix adding dispositive clauses on the blank thirteen lines on the second page, or from adding one or more dispositive provisions on the last page according as there might be space there so to do. It might be said that in the case of a holograph, as the document here presented seems to be, different writing would be readily discernible (although the Surrogate knows of no rule requiring a will to be in the same writing), and passing that answer there would be nothing to prevent the testatrix herself, after the execution of the document, from adding at a later date one or more additional dispositive clauses and thereby in effect make a new will without complying with the statutory requirements with respect to the execution of wills. Further, such additions might be made by a testator under undue influence, or at a time when he lacked testamentary capacity, and if instruments like the one here presented were probated questions of undue influence and testamentary capacity could not be successfully raised if the testator possessed the attributes to the execution of a good will at the time the document was originally signed.

The problem here presented is not new in this court. In *Matter of Ryan* (133 Misc. 174, revd. 226 App. Div. 825, revd. 252 N. Y. 620 [SMITH, S.]) the paper presented was very similar to the document offered here and was denied probate. It was said (p. 176): " The claim that the portion of the will which precedes the signatures may be received and the remainder rejected cannot be supported. The statute denies probate to a will not executed in accordance with its provisions. It is either valid or invalid as an entirety, as far as its execution is concerned." In passing it should be noted that the *Ryan* case was decided subsequent to the decision of the Court of Appeals in *Matter of Field* (204 N. Y. 448).

In *Matter of O'Neil* (91 N. Y. 516) the document was written on four pages, the signatures of the testator and witnesses being at the end of the third page, while there was writing on the fourth page which was a continuation of a broken paragraph on the third page. The court held that the document therein questioned was not signed at the end.

So, too, in *Matter of Lowden* (106 Misc. 707, affd. 191 App. Div. 892) a probate was denied to an instrument which was on a printed blank, consisting of one sheet, folded double, there being dispositive provisions necessarily part of the document on pages two and three, it being necessary, however, to turn back to page one for the signatures of the testatrix and the witnesses. This case, too, was decided after the *Field* decision.

Other cases so analogous in their facts that they may be said to be controlling are: *Matter of Andrews* (162 N. Y. 1); *Matter of Whitney* (153 N. Y. 259); *Matter of Conway* (124 N. Y. 455); *Matter of Roughgarden* (162 Misc. 455), and *Matter of Crosson* (134 Misc. 154).

It has been argued that the Court of Appeals in the *Field* case (*supra*) has modified somewhat what has been characterized to be the harsh rule formulated by earlier decisions. The *Field* case is distinguishable from this and other similar cases in that in it, in the space provided for dispositive provisions, the testator wrote that (I) "will and direct that my estate be settled as per the provisions of the pages hereto attached and numbered from one to six inclusive and this is to stand unchallenged and unchanged in any form provided I decease before a will is drawn by my attorney", and immediately following these words *and in the blank space* six sheets in the handwriting of testatrix numbered consecutively from one to six were attached by two pins. Reading the document in the *Field* case and turning the paper or pages consecutively and naturally, without the necessity of any turning or reference back, the instrument was signed at the end. The learned Judge writing for the court in this case seems to have been moved by a desire to carry out the testator's intention, and while we are admonished that in the interpretation of wills we should always seek out the testator's intention, nevertheless section 21 of the Decedent Estate Law provides rigid rules and by necessary implication excludes any question of intention. There are many documents which would be conceded by every one to be intended to be wills and yet no one would claim that they are entitled to probate because of obviously faulty execution. If we are to shut our eyes to the rules and to admit instruments to probate as wills because we find an intention to make a will, then we might disregard, for example, the requirement that there be two witnesses.

The authorities are unanimous that intention is not to be considered when passing upon the formal statutory require-

ments in the execution of wills. (*Matter of Allen*, 282 N. Y. 492; *Matter of Stever*, 268 App. Div. 559; *Matter of McCaffrey*, 174 Misc. 162; *Matter of King*, 130 Misc. 907; *Matter of Blair*, 84 Hun 581, affd. 152 N. Y. 645.)

There is no exception with respect to instruments wholly written in testator's own hand (*Matter of Allen*, 282 N. Y. 492, *supra*).

The document, dated December 6, 1946, for the reasons hereinbefore stated, must be denied probate.

There has also been presented another document drawn upon a similar printed form, but consisting of one sheet only. This document in its dispositive provisions commences with number " 16th " (the earlier document having ended with clause " 15th "). This document, too, must be denied probate because it was not signed by the maker in the presence of, or acknowledged by her before, the subscribing witnesses. The Surrogate is not unmindful of the rule that a will may be admitted to probate against the testimony of the subscribing witnesses, but in this particular case the witnesses were very clear that the earlier instrument was signed by the maker in their presence and positive that the later instrument was not so signed nor was it acknowledged.

Another document requires notice. That was written upon a sheet (four pages) of a stationer's form and would not be subject to the objection that it was not signed at the end thereof. On the first page across and through the dispositive provisions are the words " this will is null and void. April 10, 1944 ", and on the second page across and through the dispositive provisions appear these words " this will is null and void. April 10, 1944 ", followed by the decedent's signature. These markings upon this will serve as a revocation. (Decedent Estate Law, § 34; *Matter of Parsons*, 236 N. Y. 580.)

There is still another paper or papers prepared partly upon a similar printed form but unsigned and four other plain pages or sheets with dispositive provisions consecutively numbered to follow those on the printed form and ending with clause " 22nd ", none of which pages is signed. Obviously, these pages cannot be considered to be a will.

Counsel have requested that in the event of denial of probate an opportunity be presented to discuss the appointment of an administrator. This case will be placed upon our calendar for May 7, 1951.