(17 Misc. Rep. 500.)

## In re GEDNEY'S WILL.

(Surrogate's Court, Ulster County. May, 1896.)

1. WILLS—EXECUTION—SIGNATURE AT END.
   A will is not signed at the end (2 Rev. St. p. 63, § 40) where testator's name appeared at the end of the disposing portion, and is followed by the clause appointing executors, the date, and the attestation clause, for which the names of the witnesses are subscribed.

2. SAME—INTENT OF TESTATOR.
 The intention of the legislature, and not of testator, governs in construing the proper execution of wills.

Proceeding for the probate of the will of William H. Gedney, deceased. Denied.

George William Gedney, in pro. per.

BETTS, S. The proceeding to prove this paper was brought here on the petition of George William Gedney, a nephew of deceased. William H. Gedney died at the town of Marlborough, in this county, on the 18th day of January, 1896. He left, him surviving, a brother, George W. Gedney, who resided at Milton, in this county. George W. Gedney had two children living at the time,—George William Gedney, a son, and Mary Eleanor Gedney, a daughter, nephew and niece, respectively, of William H. Gedney. Upon the filing of the petition, February 26, 1896, verified by the said George William Gedney, citations were issued out of this court on that day to said George W., Mary Eleanor, and George William Gedney, to attend the probate of said will on the 9th day of March, 1896. On the 3d day of March, 1896, George W. Gedney, the brother of William H. Gedney, died at Milton, in this county.

The paper purporting to be the last will and testament of William H. Gedney is very brief, and is as follows:

"I, William H. Gedney, of the town of Marlborough, county of Ulster, and state of New York, do hereby declare and publish this as my last will and testament. I hereby devise and bequeath to my brother, George W. Gedney, all my property, both real and personal, to have and hold during his natural life, and at his death to be divided equally between his two children, George William Gedney and Mary Eleanor Gedney, each to share and share alike. In witness whereof, I have hereunto set my hand and seal.
 "[Signed] Wm. H. Gedney. [L. S.]
 "I do hereby constitute and appoint George W. Gedney and George William Gedney as the executors of this, my last will and testament.
 "Dated October 19, 1895.
 "Signed and sealed in the presence of the following named witnesses, at the date thereof, subscribed by William H. Gedney, the testator therein named, in the presence of us and each of us, and at the time of making such subscription it was declared by the said testator as his last will and testament.
 "Edward M. Craft, Milton, Ulster Co., N. Y.
 "Eleanor M. Southard, Milton, Ulster Co., N. Y."

It will be seen by an inspection of the will that the signature of the deceased is in the middle part thereof, and that the clause appointing executors and the date follow the signature. This clause was followed closely by the attestation clause, which was signed at the end by the witnesses to the will. Upon the attention of George W. Gedney, the attorney, and one of the executors, being called to the position of the signature, he stated that the matter was satisfactory, and that no objection would probably be made to the probate of the will. Later, however, he filed a brief here, in which he asked that the will be not admitted to probate.

Under the peculiar operation of the taxable transfer law, it makes a difference of several hundred dollars to this nephew and niece of the deceased whether they take this property as remainder-men under

this alleged will, or whether it is inherited by their father under the statute of descent and distribution, and they take from him as his heirs at law and next of kin.

The requirements of the Revised Statutes as to the proper execution and attestation of a will, so far as they are necessary for deciding the question here raised, are as follows:

"Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner: (1) It shall be subscribed by the testator at the end of the will. * * * (4) There shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will at the request of the testator." 2 Rev. St. p. 63, § 40.

The question now presented for my determination is, is this a proper signature by William H. Gedney to the paper that he intended for his will? In other words, is his signature at the end of the will? The only evidence offered here was the ordinary statutory proof as to the execution of the will. One of the witnesses, Eleanor M. Southard, is dead, and her signature and the signature of the deceased were proved by other witnesses, in addition to the usual testimony of the surviving subscribing witness.

A precisely similar case to this was brought before the surrogate of Monroe county in 1887, in Re Nies' Will, reported in 13 N. Y. St. Rep. 756. The surrogate of that county, in a well-considered opinion, held that the will could not be admitted to probate, and that decision does not appear to have been appealed from.

In Sisters of Charity v. Kelly (decided by the court of appeals in 1876) 67 N. Y. 409, the deceased signed his name in the middle of the clause appointing an executor, and also in the middle of the attestation clause. The witnesses signed their names immediately following the will, and not at the end of the attestation clause. The opinion therein was written by Judge Folger, was concurred in by all the court, and they held that the paper could not be admitted to probate. Judge Folger says:

"It may not be said that the end of the will is at the place where the name 'J. Kelly' appears. There follows it quite an important part of a will,—the nomination of an executor, and the revocation of former wills. It is said that the whole testamentary disposition preceded that name, and that, on rejecting the part naming an executor, there can be appointed an administrator with the will annexed. We cannot be sure that such was the purpose of the testator. There are cases in which quite a material part of the intention and forecast of the testator centers in the selection of persons to execute his testamentary purpose; where important trusts are created in behalf of natural persons, important charitable institutions are founded, or other large and far-reaching designs are shaped, and the administration and execution of them committed to the executors of the will, who are not named until the concluding clause of it. Indeed, it is not an unknown thing that the sole object of the making of a last will has been to appoint an executor, giving no testamentary disposition of the estate, but leaving the executor to dispose of it according to the statute of distribution; and such a will must be proved. * * * Can we say that the end of the will has been found until the last word of all the provisions of it has been reached? To say that, where the name is, there is the end of the will, is not to observe the statute. That requires that, where the end of the will is, there shall be the name. It is to make a new law to say that, where we find the name, there is the end of the will. The instrument offered is to be scanned to learn where is the end of it as a completed whole, and, at the end thus found, must the name of the testator

be subscribed. * * * The statutory provision requiring the subscription of the name to be at the end is a wholesome one, and was adopted to remedy real or threatened evils. It should not be frittered away by exceptions. While its provisions should not be carried beyond the policy of the framers of it, that policy should not be defeated by judicial construction."

It was held in one of the leading cases on the four requisites prescribed by the statute for the formal execution of wills (Remsen v. Brinckerhoff, 26 Wend. 325) as follows:

"It is obvious that every one of these four requisites, in contemplation of the statute, is to be regarded as essential as another; that there must be a concurrence of all to give validity to the act; and that the omission of either is fatal."

It was held in Re Sanderson, 9 Misc. Rep. 574, 30 N. Y. Supp. 848, that, where provisions in relation to the disposition of the estate intervene between the signature of the testator and the attestation clause, there is no subscription at the end of the will, as required by the statute.

Viewed in the light of these decisions and the plain words of the statute, it is evident that the paper offered cannot be admitted to probate as the last will and testament of William H. Gedney. In construing the proper execution of wills, it is not the intention of the would-be testator, but the intention of the legislature, which must govern. By the common law a man could not devise his lands. Wills, therefore, and testaments, rights of inheritance and succession, are all of them creatures of the civil or municipal laws, and accordingly are in all respects regulated by them; every distinct country having different ceremonies and requisites to make a testament completely valid. 2 Bl. Comm. 12. The legislature, therefore, having enacted laws governing the transmission of property to take effect at the death of the transmitter, those who desire to avail themselves of the law of wills must bring themselves within its provisions. The statute having prescribed that the signature of the person making the will and the subscribing witnesses shall be at the end of the will; there they must be found, and the witnesses and the would-be testator must agree as to where the end of the will is. It will not do to allow the court to determine in every particular case what is a necessary part of the will, and what superfluous, nor to decide that the intention of the deceased can be effectuated by admitting that part of the paper propounded before his signature to probate as his will, and rejecting that which may follow. If so, we should have the will of the court, instead of the will of the deceased. It so happens in this case that, by the death of the brother, the property of William H. Gedney, the deceased, will eventually be received by his nephew and niece, to whom he endeavored to transmit the remainder by his paper writing bearing date October 19, 1895. Too much care cannot be exercised by scriveners of wills in not only plainly expressing the desire and intention of the makers thereof, but also in themselves fully understanding the requirements of the proper execution of wills, and of insisting that those requirements shall be fully complied with. Probate of the paper offered as a will of William H. Gedney is denied, and an order or decree may be handed up to that effect.

Ordered accordingly.