Matter of Proving the Last Will and Testament of
EMIL L. BUCKENTHIEN, Deceased.

(Surrogate's Court, Bronx County, May, 1920.)

**Wills — when probate denied — witnesses.**

> Where an instrument in writing consisting of one sheet was
> so folded as to make four pages, on the first of which appeared
> the signatures of the testator and the attesting witnesses,
> and on the second page testamentary dispositions, probate will
> be denied on the ground that the writing was not signed at
> the end.
> *Matter of Schroeder,* 98 Misc. Rep. 92, followed.

PROCEEDING upon the probate of a will.

Howard C. Kelly, for proponent.

SCHULZ, S.   The propounded instrument consists
of a sheet of paper folded so as to make two leaves
and four pages.   Upon the 1st page is the printed form
of a will having the usual blank spaces which are filled
in with handwriting.   Several legacies are set forth
and the blank space provided for that purpose being
filled and apparently being too small for the additional
provisions which the decedent desired to make, there
appear the words " continued on next Page."   A para-
graph providing for the appointment of executors then
follows, after which are the testimonium clause, the
signature of the decedent and of the two attesting wit-
nesses, an attestation clause and again the signature
of the attesting witnesses and their respective
addresses.

On the 2d page, in apparently the same handwriting
as that upon the 1st page, is the following:

" My place Business is to be sold as soon as a fair
price avails or can be realized.   The house situated at
1051 Tinton ave which is owned by my sister Minnie

Surrogate's Court, Bronx County, May, 1920.   [Vol. 112.

F. Goerlich and myself, jointly, should be sold as soon as is most convenient and a good price can be realized, after all has been attended to the money should be added to my cash in the Yorkville and the Maiden Lane Banks, and divided as stated on front page, this is my wish and must be so attended to. I also state there shall be no Bondsmen needed in executing this my Will."

One of the witnesses died and her handwriting was duly proved. The other witness testified to the proper execution of the 1st page of the paper, but denied any knowledge as to whether the writing on the 2d page was or was not there when the testator affixed his signature after the testimonium clause.

The phrase " continued on next Page " which appears on the 1st page and the provision on the 2d page that " the money should be added to my cash in the Yorkville and the Maiden Lane Banks, and divided as stated on front page " lead to the conclusion that the writing on the 2d page was upon the document when the decedent executed the paper and this is strengthened by the appearance of the writing itself. There is no suggestion of fraud. The writing on the 2d page is undoubtedly material, substantial and dispositive in character. *Matter of Blair,* 84 Hun, 581, 584; *Matter of Gedney,* 17 Misc. Rep. 500.

In *Matter of Schroeder,* 98 Misc. Rep. 92, I had occasion to consider an instrument very much similar to the one now before me, and upon the reasoning of that case and the authorities cited, I find that the propounded document is not signed at the end and that probate must be denied. See, also, *Matter of Fox,* N. Y. L. J. Dec. 30, 1919.

Probate denied.