In the Matter of Proving the Last Will and Testament of ANNE GOLDEN CROSSON, Deceased, as a Will of Real and Personal Property.

Surrogate's Court, Bronx County, May 10, 1929.

*Roland A. Crowe*, for the proponent.

SCHULZ, S. The decedent in the preparation of the instrument offered for probate as her will used a blank form. She and the witnesses signed it on the first page, and the witnesses also signed an attestation clause which is on the first page. On the second page there appears considerable writing and there is no signature of the decedent at the end thereof, nor have the witnesses signed on the second page. The evidence establishes the fact that the writing upon the second page was there when the signatures were placed upon the first page.

It is not disputed and the evidence convinces me that this decedent intended to execute her last will and testament when she signed and executed the paper. The only question which remains is whether or not the document has been subscribed at the end thereof as required by the statute. (Decedent Estate Law, § 21.) All of the other formalities required by law have been carefully followed.

Compliance with the statute is imperative. As I have repeatedly held, intent on the part of a testator to make a will is not sufficient, if, in fact, some requirement of the statute has not been complied with. (*Matter of Schroeder*, 98 Misc. 92; *Matter of Truelsen*, 130 id. 172; *Matter of Fox*, 184 N. Y. Supp. 187; *Matter of Buckenthien*, 112 Misc. 163, and cases cited.)

The fact that there may be some writing after the signature of the decedent and of the witnesses, which was there when the signatures were made, if it is not dispositive in character, or a substantial part of the will, does not necessarily invalidate the document. (*Matter of Serveira*, 205 App. Div. 686; *Matter of Gibson*, 128 id. 769, 773.)

The writing on the second page of this paper following all of the signatures, however, is dispositive. (*Matter of Blair*, 84 Hun, 581; affd., 152 N. Y. 645.) It consists of four distinct bequests. We have, therefore, a situation where the signatures to the propounded paper are followed by writing of a dispositive character which was there when the signatures were made; hence they are not at the end of the document. (*Matter of Faye*, 97 Misc. 532; *Matter of Lowden*, 106 id. 707; affd., 191 App. Div. 892.) The statute has not been complied with and probate must be denied.

Settle decree accordingly.