In the Matter of the Estate of CATHERINE MACKEY, Deceased.

Surrogate's Court, Jefferson County, April 4, 1930.

*Brayton A. Field,* for the proponent.

*Bernard G. Butler,* special guardian of Beatrice K. Mackey, an infant.

GRANT, S. The special guardian of Beatrice K. Mackey, a minor, objects to the probate of the instrument offered as the last will and testament of Catherine Mackey, the decedent, on the grounds (1) that the said instrument is not decedent's last will and testament; (2) that it was not duly executed as required by law; (3) that it is not a will and is not signed at the end thereof by the testatrix.

Catherine Mackey, the decedent, in the presence of two witnesses signed the instrument by making her mark at the bottom of the 1st page. She also made her mark at the beginning of the instrument. She then declared the said instrument to be her last will and testament and requested the witnesses to sign as witnesses.

After decedent had signed at the bottom of the 1st page and after she had declared this instrument to be her last will and testament and requested the witnesses to sign, but before the witnesses did sign, the draftsman, Mrs. McFadden, decedent's nurse, turned the blank over and at the top of the page, over leaf, saw the provision for the appointment of an executor. She then told decedent that she should have an executor and suggested decedent's son Thomas. Decedent dissented and said that her son James should be named as executor. The draftsman then wrote in the name "James Mackey" in the space left vacant in the blank for that purpose and also filled in the date in the testimonium clause. Decedent did not sign again. Then the attestation clause was filled in and the witnesses signed said attestation clause in the presence of decedent and in the presence of each other.

Section 21 of the Decedent Estate Law provides as follows: "Manner of execution of will. Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:

"1. It shall be subscribed by the testator at the end of the will.

"2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.

"3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

"4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

In *Matter of Foley* (75 Misc. 168), after the instrument offered for probate as the last will and testament of decedent had been read over to decedent and after she had signed it by making her mark, but before she had declared and acknowledged the said mark to be her signature and before she had declared the instrument to be her last will and testament and before the request to and signing by the two witnesses, the draftsman filled in some blanks in the testimonium clause. The acknowledgment and declaration were then made and then the witnesses were requested to sign and did sign as attesting witnesses.

The sole question there was as to the effect of the filling in of the blanks in the testimonium clause after the testatrix had signed but before she had declared or published the instrument as her last will and testament and before her request to the witnesses to sign as attesting witnesses and before their signatures as such were added.

It was there held that such part as was added after her signature had been made was no part of the will and that the instrument subscribed by her as it was before said alterations were made was the only part thereof that was acknowledged, published or declared and attested and that such part should be probated as her last will and testament and such part was admitted to probate.

At page 175, FOWLER, S., says: " That the testatrix did in fact subscribe the paper propounded as it existed prior to the alterations written over her signature is established by the proofs. That such subscription and the publication and attestation were sufficient to entitle such matter as was actually subscribed by testatrix to probate I have no doubt, although this is the difficult point of the case. (*Matter of Gibson*, 128 App. Div. 772; *Matter of Welsh*, 1 Redf. 247.) That the subsequent authorized act of writing over the signature of testatrix certain words, definitely proved before me, does not destroy the effect of the testament as actually subscribed, has been held in another jurisdiction of the United States, and I think rightly so held. In *Lange* v. *Wiegand* (125 Mich. 647) the daughter of the testator by his direction filled in a correct date in a will after its execution, and it was held that the alteration had no destructive effect upon the validity of the part well executed.

" One of the judicial obligations of every court of probate is to identify and determine the constituents of the testamentary instrument or scripts propounded. The probate proceeding being *in rem*, the surrogate must determine, in disputed causes in the first instance, what writings constitute the will and are proceeded on for probate. He is bound to refuse probate to such parts of a paper propounded as have not been executed in conformity with the Statute of Wills, and he may admit to probate such parts as are well and duly executed if separable and integral or independent. (*Burger* v. *Hill*, 1 Bradf. 360, 373; *Matter of Welsh*, 1 Redf. 238; *Matter of Gibson*, 128 App. Div. 769; *Matter of Janes*, 87 Hun, 57; affd., 152 N. Y. 647.) This was the established rule of law in the probate jurisdictions which preceded the Revised Statutes. Nothing has since transpired to change the rule."

In *Matter of Jacobson* (6 Dem. 298) the signatures of the witnesses were below the signature of the testatrix and, underneath them all, appear the words: " William Wolff to be executor. Witness Dr. Harris, Mrs. Abrahamson and Mr. Goldberg." ROLLINS, S. (at p. 299), says: " When this was written, or by whom it was written, the testimony does not clearly disclose. There is no appointment of an executor in the body of the instrument, and if in fact the words above quoted were inserted before execution, they must be considered as a part of a pretended testamentary paper, which is

invalid for the reason insisted upon by the contestant's counsel. If, on the other hand, the words in question were not upon the paper at the time it was signed and published, its validity has not been destroyed by their subsequent insertion."

Following the rule as stated in the *Foley* and *Jacobson* cases, it seems to me that such part of the instrument now offered for probate as the last will and testament of Catherine Mackey as was added after her signature had been made is no part of said instrument; that the instrument subscribed by her as it was before the name of the executor and the date were filled in is the only part of said instrument that was published or declared and attested; that such part of said instrument was executed according to the requirements of the statute and is entitled to be admitted to probate as her last will and testament. I so hold.

Submit decree accordingly.