In the Matter of the Estate of ELEANOR J. TYNER, Deceased.

Surrogate's Court, Kings County, October 24, 1930.

*Rounds, Dillingham, Mead & Neagle*, for the petitioner.

WINGATE, S. Section 21 of the Decedent Estate Law provides in part: " Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner: " 1. It shall be subscribed by the testator at the end of the will."

It has been uniformly held that this statute should be strictly construed, to the end that no opening wedge may be driven into the protecting barrier against fraud and imposition which it interposes. (*Matter of Booth*, 127 N. Y. 109, 116.) As was said in *Matter of Andrews* (162 N. Y. 1, at p. 5): " It has been repeatedly laid down as the rule in this state  *  *  *  that the intention of the testator is not to be considered when construing this statute, but that of the legislature. The question is not what did the testator intend to do, but what has he done in the light of the statute."

While it has been determined that a will may be sustained where the signature is followed by matter which is unrelated to the dispositive parts of the instrument (*Matter of O'Neil*, 91 N. Y. 516, 524), this seeming exception to the rule has been confined to extremely narrow limits, with the result that if the writing following testator's subscription has any direct relation to the disposition of his property or the administration of his estate, the addition will be held to void the entire instrument. (*Matter of Blair*, 84 Hun, 581; affd., 152 N. Y. 645.)

The application of these principles to the case at bar would seem to present a case of hardship, were it not borne in mind that in this particular individual advantage must yield to the general good. The will here propounded is holographic. Testatrix makes a considerable number of personal bequests, after which the document reads:

" Signed this ninth day of June, 1930.
                              " ELEANOR J. TYNER
" Executors to serve without bonds
" Ida E. Cairns         296 Sterling Place
" Annie I. McClelland of 296 Sterling Place
" Ralph T. Tyner         Sound Beach, Conn.
" Witnessed by."

The foregoing is followed by the signatures of the witnesses. The entire instrument, with the exception of the names and addresses of the witnesses, is in the handwriting of the decedent.

It is, of course, obvious that the appointment of executors is an important integral part of the usual testamentary disposition (*Sisters of Charity* v. *Kelly*, 67 N. Y. 409, 415), and that since this provision follows the signature of testatrix, the will is not signed at the end as required by the statute and must, therefore, be denied probate. (*Matter of Gedney*, 17 Misc. 500; *Matter of Van Tuyl*, 99 id. 618).

Submit decree accordingly.