In the Matter of the Estate of JOSEPH LEVANTI, Deceased.

Surrogate's Court, Kings County, August 27, 1931.

*Harold L. Turk*, for the petitioner.

WINGATE, S.   A certain purported holographic document has been propounded for probate as the will of this decedent.   It is written in longhand on a sheet of yellow legal paper and appears to be in the handwriting of and to be signed by the decedent.   It is extremely informal in its terms and contains no *in testimonium* or attestation clauses.   The dispositive directions end about the middle of the last line of the sheet, and are followed by the purported signature of the decedent.

On the left-hand margin of the paper to the left of the usual red line is written:

" Witness

" CARMINE LEVANTI

"ANGELO LEVANTI."

These words begin slightly below the middle of the sheet and are written parallel with the longer edge thereof.   The signature of the first purported witness extends somewhat below the third quarter of the page, whereas that of the second terminates well within such third quarter.

The question presented is whether, granting that the testimony of these purported witnesses were to establish the usual formal requisites of execution, there has been such a compliance with

subdivision 4 of section 21 of the Decedent Estate Law as to warrant this court in admitting the instrument to probate.

In so far as material, this section reads:

"Manner of execution of will. Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner: * * *

"4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

It has been the uniform determination of the courts of this State that this statute is to be strictly construed (*Matter of Tyner*, 138 Misc. 192, 193, and cases cited) and that the sole pertinent intention in construing its terms is that of the Legislature. (*Matter of Andrews*, 162 N. Y. 1, 5.)

In *Matter of Hewitt* (91 N. Y. 261) the Court of Appeals said (at p. 263): "The statute * * * prescribes the formalities which shall attend the execution of a will, one of which is that it shall be subscribed by the testator at the end of the will; and another is that the attesting witnesses shall sign their names at the end of the will. However unimportant these formalities may be in any particular case, they must be substantially observed in order to make a valid will. None of them can be dispensed with. * * * Wherever the will ends there the signatures must be found."

It is obvious that the term "end of the will" is that point in the document at which the dispositive provisions thereof terminate. In the propounded instrument this is at the bottom of the yellow sheet where testator's purported signature appears. The signatures of the witnesses, on the other hand, are found, not at this point, as directed by the statute, but almost half way up the sheet of paper.

The conclusion is, therefore, inescapable that the execution of the purported will fails to comply with the provisions of the statute, and that its admission to probate must be denied.

Proceed accordingly.