In the Matter of the Estate of SAMUEL STEINER, Deceased.

Surrogate's Court, Bronx County, January 28, 1932.

*Hirleman & Vaughan* for the proponent.

*Bloom & Scherl,* for Emma Levison and Samuel Frankel.

HENDERSON, S. The petitioner in this proceeding seeks the probate of two documents consisting of an alleged will, dated September 25, 1920, and an alleged codicil thereto, dated October 20, 1920.

All the dispositive provisions and the testimonium clause of the earlier paper precede the signature of the decedent. This signature is followed by an attestation clause which immediately precedes an attempted appointment of an executrix. The signatures and addresses of two witnesses follow the designation of the executrix. The document terminates with the words " Sworn to before me this 25th day of September 1920," followed by the signature of a notary public, the imprint of his official seal and a stamped statement of his title and certificate filing numbers.

All of the paper preceding the signatures of the witnesses is evidently in the handwriting of the decedent, with the exception of the day of the month, " 25th," which apparently was inserted by the notary public in the testimonium clause. Decedent's signature, however, is made with ink different in color from that used by him in the remainder of the document, all of which he wrote with the same purple ink and, therefore, apparently at a time prior to the inscription of his name.

Upon the evidence given by the subscribing witnesses, this document, less the appointing clause, would be admitted to probate if the attempted nomination of the executrix had been inserted after execution by the decedent. (*Matter of Mackey*, 136 Misc. 413, 416; *Matter of Serveira*, 205 App. Div. 686.) Similar relief would be granted if no executor had been nominated. (*Matter of Serveira*, *supra; Matter of Davis*, 45 Misc. 554; affd., 105 App. Div. 221; affd., 182 N. Y. 468; Surr. Ct. Act, § 133.)

No objections to its probate have been filed, but the surrogate must be satisfied with the validity of its execution before admitting it to probate. (Surr. Ct. Act, § 144.)

It has long been established in this State that the appointment of an executor is an important and material part of a testator's intention relating to the administration of his estate and is, therefore, an integral part of his will, and that if the attempt to make such appointment precedes in point of time, but follows in point of location, the decedent's signature, the alleged will is not " subscribed by the testator at the end " thereof and cannot be admitted to probate. (Dec. Est. Law, § 21, subd. 1; *Sisters of Charity* v. *Kelly*, 67 N. Y. 409, 415; *Matter of Gedney*, 17 Misc. 500; *Matter of Van Tuyl*, 99 id. 618; *Matter of Tyner*, 138 id. 192; *Matter of Bongiovanni*, 140 id. 436; *Matter of Jacobson*, 6 Dem. 298.)

This is apparently another regrettable instance of the incompetent supervision of the execution of a paper which the maker thereof fully intended to be given effect as his last will and testament. The intention of the decedent to make a will cannot be given effect, however, if what he did towards executing such

intention does not comply with the intention of the Legislature as expressed in the statute and construed by the courts (*Matter of Andrews*, 162 N. Y. 1, 5; *Matter of Crosson*, 134 Misc. 154), and probate of the document dated September 25, 1920, is denied.

The document dated October 10, 1920, is a holographic instrument written on an ordinary postal card which was mailed to the beneficiary named therein on the date of its execution. It, however, was executed in conformity with all the requirements of the statute by an adult of sound mind and memory who, at the time of executing it, was in all respects competent to make a will and not under restraint. It is complete in itself, contains a bequest of money to a named legatee and is capable of execution, although the paper to which it purports to be a codicil cannot be probated. It will, therefore, be admitted to probate as the last will and testament of the decedent, valid to pass personal property. (*Matter of Emmons*, 110 App. Div. 701, 705.) Submit decree accordingly.