In the Matter of the Estate of WILLIAM FILLMORE JARVIS, Deceased.

Surrogate's Court, Queens County, February 8, 1932.

*Renander & Miller,* for petitioner.

*Frederick M. Garfield,* for Mary A. Jarvis.

HETHERINGTON, S. The petitioner in this proceeding seeks to probate as the last will and testament of the decedent a typewritten instrument prepared on a blank form which consists of one sheet of paper folded in the middle so as to make four pages. The decedent's signature appears on the first page and immediately below there is an attestation clause with the signatures and addresses of the witnesses. Immediately following and at the top of the first inside page the following matter appears: " Continued on the 20th day of February in the year 1919, having since then been living with James Strong, now deceased, as his housekeeper, I hereby give, devise and bequeath the sum of one dollar ($1.00). Should any one or more of the beneficiaries named in this will object to the distribution as made, or attempt to defeat the provisions of this Will, then said person or persons shall receive the sum of one dollar ($1.00) and no more. The piano in Mrs. Ada Mayfields home was given by *me* as a present to Geanett & Violet Mayfield as a Christmas Gift — the two children mentioned in this will. Signed Wm. F. Jarvis."

The entire instrument is typewritten with the exception of the signatures and the last provision on the inside sheet commencing with the words " the piano " and ending with the signature of the decedent. Certain alterations were made on the first page in ink which both witnesses state did not appear thereon at the time of execution. They also state that the typewritten matter at the top of the first inside sheet appeared thereon at the time of execution, although each of them state that to the best of their recollection the last provision presumably written in the handwriting of the testator, was not present at the time they witnessed the execution.

Section 21 of the Decedent Estate Law provides as follows: " Manner of execution of will. Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:

" 1. It shall be subscribed by the testator at the end of the will.

" 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.

" 3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

" 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

Even though no objections to its probate have been filed, the surrogate must be satisfied with the validity of its execution before admitting it to probate. (Surr. Ct. Act, § 144.) The second and last signature of the decedent is of no avail because the statutory requirement that the subscribing witnesses shall sign at the end of the will has not been complied with. The dispositive nature of the typewritten and manuscript matter following the decedent's first signature and the attestation clause is likewise sufficient to prevent probate. (*Matter of Blair*, 84 Hun, 581; affd., 152 N. Y. 645; *Matter of Andrews*, 162 id. 1; *Matter of Crosson*, 134 Misc. 154; *Matter of Mackey*, 136 id. 413; *Matter of Tyner*, 138 id. 192; *Matter of Bongiovanni*, 140 id. 436.) The will not being signed at the end, probate of the propounded paper is denied. Submit decree accordingly.