## In re LYONS' ESTATE.

*(Surrogate's Court, Westchester County, Filed December, 1892.)*

1. GIFT OF PERSONALTY—CONSTRUCTIVE DELIVERY.

On application by a legatee to compel payment of a legacy of $200, the executor objected that petitioner had not paid three notes of $100 each, which testatrix had indorsed for petitioner and paid. Petitioner alleged that testatrix had given her the notes. It appeared that testatrix paid and took up the notes, and then, while boarding with petitioner, made her will, bequeathing petitioner the legacy of $200, telling petitioner that she had cancelled the notes, and on its being suggested that petitioner witness her will, decedent stated that petitioner could not be a witness, as she might lose her legacy. It was also in evidence that testatrix requested a lady friend to deliver decedent's papers to latter's uncle after her death, and that among the papers so delivered were the notes in question, which were uncancelled. *Held*, that there was no actual or constructive delivery of the notes so as to make a perfect gift of them to petitioner.

2. LEGACY—PAYMENT—PROCEEDINGS—JURISDICTION.

> In a proceeding by a legatee to compel payment of a legacy, there must be a petition, citation and answer under Code Civ. Pro., sections 2717 and 2718, and proof under subd. 2, section 2718 that there is sufficient personal property to pay the legacy, otherwise the surrogate does not acquire jurisdiction.

Application by Elizabeth Blakeman, to compel payment of a legacy.

L. T. Yale, for petitioner; Wm. F. Purdy, for the executors.

COFFIN, S.—Gifts of chattels personal are the act of of transferring the right and the possession of them, whereby one person renounces, and another immediately acquires, all title and interest therein. A true and proper gift is always accompanied by delivery of possession, and takes effect immediately. It may be regarded as axiomatic that, without delivery of the subject of it, there is no gift. Where delivery accompanies the words of gift, the gift is perfect, and no question can arise in regard thereto, but there may be a constructive delivery, determinable by the facts established. Most of the controversies on the subject of gifts have arisen in regard to this last species of delivery, the facts relating thereto being as various as the cases are in number; but in all of them the underlying question was, had there been a delivery? Of course, a so-called gift, without a delivery, actual or constructive, may be revoked. Now, in this case, no actual delivery of the subject of the gift is pretended, and all, therefore, that remains, is to determine whether the facts stated constitute a constructive delivery.

The facts relied upon by the petitioner are briefly these: That deceased boarded with the petitioner, after she had paid and taken up the notes as indorser, and paid her board without any pretense or suggestion that the petitioner was indebted to her; that the testatrix, while so boarding, executed her will, in and by which she bequeathed to the petitioner the sum of $200; that the testatrix told petitioner that she had cancelled said notes, and that she owed her nothing; that on the execution of

the will it was suggested to the deceased that the petitioner should be one of the witnesses thereto, whereupon the deceased stated that the petitioner was a legatee therein to the extent of $200, and could not properly be a witness, as she might thus lose the legacy, and she wanted her to have the whole of it; that she declared said notes had been paid.   And it is further shown that the testatrix, shortly before her death, informed a lady friend about her papers, and requested her, after her death, to deliver them to her uncle, Theodore F. Bayles, who is one of the executors of her will, which she did, and that on examining said papers the three notes were found among them.   On this state of facts, can we say there was a delivery of the notes, actual or constructive?   Clearly not the former, and, it seems to me equally clear, not the latter. . The petitioner does not state that she had ever paid the notes, nor does it appear that they had ever been cancelled; but by direction of the deceased they passed into the hands of the executor, and thus they became subsisting liabilities of the petitioner to the testatrix.   If the latter really intended to give them, it was a simple matter to have delivered them to the former.   If she had intended to cancel them, that was also a simple matter for her to have done.   But she did neither, and left them as a part of the assets of her estate.

This matter has come before the court in an informal manner. No petition has been presented, or citation issued, as provided by sections 2717 and 2718 of the Code, nor answer filed under the provision of subdivision 1 of the latter section; nor has it been proved, under subdivision 2 of the latter section, that there is sufficient personal property of the estate to pay said claim as therein provided.   The parties simply appeared in court, and the affidavit of the legatee, with other affidavits annexed, was presented, and the executors objected orally that the facts alleged therein did not prove a gift of the notes.   Under these circumstances, it is more than doubtful whether the court has obtained any jurisdiction in the premises, but, out of deference to the learned counsel engaged, has proceeded to give some consideration to the merits of the case.   I think the statute was in-

tended to deprive the surrogate of jurisdiction over such a question in a proceeding of this character. The application must be dismissed, but without prejudice to an action or accounting in behalf of the applicant.