A proceeding under Code Civ. Proc. § 2722, to obtain from the surrogate payment of a legacy or distributive share, must be commenced by petition and citation, and is not a motion in a pending proceeding, which can be founded on an affidavit and order to show cause.

In the matter of the estate of Louisa Moran. Motion for an advance on account of petitioner's distributive share. Denied.

John C. Judge, for petitioner.
Jacob I. Bergen, for respondent.

KETCHAM, S. Preliminary objection is made that the application for an advance on account of the petitioner's distributive share is brought on by notice of motion and not by citation. This objection was not waived by the adjournment of the motion by consent. All the questions involved upon the motion were adjourned, and were, therefore, all preserved.

The Code of Civil Procedure, in section 2722 et seq., contemplates that the application shall be commenced by petition, that a citation shall issue thereon, and that proceeding shall result in a decree. Section 2722 provides for an answer, for proof, and for a decree for the dismissal of the petition in a certain event. These provisions indicate a special proceeding, and are not consistent with a motion in a proceeding already pending. Section 2550. The direction for payment, if contained in a decree, is given a precise meaning (section 2552), may be docketed as a judgment (section 2553), and may be enforced by execution (section 2554). It is difficult to find any interpretation for an order for such payment or any means for its enforcement. See, also, sections 2804, 2805, and 2806 as a precisely similar proceeding. These views have been applied. Matter of Lyon's Estate, 1 Misc. Rep. 447, 23 N. Y. Supp. 146; Estate of Hitchler, 21 Misc. Rep. 417, 47 N. Y. Supp. 1069. The motion is denied.

Motion denied.