Cohalan, S.
This is a motion to vacate an order to show cause granted on the petition of the executors of the last will and testament of Charles H. Beckett, deceased, to fix and determine his'fees as attorney and to enforce a lien therefor upon the interests and claims of Gilford Pinchot, Antoinette E. Johnstone and Amos R. E. Pinchot in the estate of Amos F. Eno, deceased. In support of the motion it is contended that the Surrogate’s Court does not acquire jurisdiction of the persons of the respondents by an order to show cause and that such jurisdiction is had only by the issuance and service of a citation.
The proceeding is under section 475 of the Judiciary Law. That statute is silent as to the process to be employed. As to procedure, it provides that: “ The court upon the petition of the client or attorney may determine and enforce the lien. ’ ’ The representatives of the deceased attorney duly petitioned the court, and upon said petition an order was made directing the respondents to show cause why the court should not fix and determine the professional fees and lien of said Charles H. Beckett. As the statute authorizing the proceeding does not specify the particular manner in which the proceeding must be prosecuted, it should proceed according to the law and practice of the court in which it is instituted.
Prior to the enactment of the Surrogates’ Act of 1914, the practice of this court would have required *71 the issuance of a citation upon the filing of a petition under the above statute. It was then provided that “ a special proceeding in a Surrogate’s Court must be commenced by the service of a citation.” Code Civ. Pro. § 2516, as it existed prior to September, 1914. This provision was repealed in 1914, and there was substituted the provision in section 2518 of the Code of Civil Procedure, that: “ Every proceeding in surrogate’s court shall be commenced by the filing of a petition.” Various other statutory changes were made in 1914, which, in my opinion, have done away with the rigidity of the old rule requiring the service of a citation in all proceedings where the statute did not specify the particular process to be employed.
When the section of the Code requiring the service of a citation in every proceeding was repealed, there was added the provision of section 2522 that: ‘ ‘ The process of the surrogate’s court shall be a citation to show cause, an order to show cause, and such other process and mandate as the surrogate is or shall be authorized by law to issue and employ.” In reference to the Statute of Limitations, it is provided in section 2518 of the Code of Civil Procedure: '
“ In any case where the time in which to begin such proceeding is limited, a citation or an order to show cause on such petition must * * etc. The former section (2517) contained no reference to an order to show cause issued on a petition in connection with a proceeding. It thus appears that under the Code as amended in 1914 an order to show cause issued on a petition is not inconsistent with the maintenance of a proceeding in Surrogate’s Court. A citation is now essential in most proceedings in Surrogate’s Court. These are proceedings where, as in Matter of Moran, 58 Misc. Rep. 488, the statute expressly directs the *72 issuance of a citation. This practice applies to familiar proceedings, such as probate, administration, guardianship, accounting, revocation proceedings, etc.
On the other hand, however, a discovery proceeding (Code Civ. Pro. § 2675) is commenced by the filing of a petition, and jurisdiction of the person is obtained by the service of an order directing said person to attend and be examined. Section 2607 of the Code of Civil Procedure provides for a special proceeding where jurisdiction of the person is obtained by an order requiring the respondent to attend and be examined concerning the production of a will. It was held that this proceeding under section 2607 of the Code of Civil Procedure is an independent special proceeding, and that the order terminating it is a final order appealable to the Court of Appeals. Matter of Hardy, 216 N. Y. 132. In that case jurisdiction of the respondent was obtained by service of an order and not citation to show cause. Section 2669 of the Code of Civil Procedure provides for a special proceeding to compel the return of an inventory. The statute does not require a citation, but “ an order requiring the delinquent to return the inventory, or a further inventory, or in default thereof, to show cause at a time and place therein specified why he should not be removed or punished.” Section 2698 of the Code of Civil Procedure provides that where two or more coexecutors, administrators, testamentary trustees or guardians disagree respecting the custody of money or other property of the estate, the surrogate may, upon the petition of either of them, or of a person interested in the estate and upon proof of the facts make an order requiring them to show cause, why the surrogate should not give directions in the premises.” This is an instance of a separate proceeding commenced by the filing of a petition with a specific direction for the *73 issuance of an order to show cause thereon. Jurisdiction of the person of the respondent is obtained by service of the order to show cause.
The contention that the provision of subdivision 2 of section 2511 of the Code of Civil Procedure, relating to the manner in which a Surrogate’s Court obtains jurisdiction of the person, limits such jurisdiction to parties who have been served with a citation is clearly untenable in view of the provisions of the statute above quoted. Section 2511 provides that the Surrogate’s Court shall have jurisdiction of ‘' Parties who have been duly cited.” This word “ cited ” does not mean that no jurisdiction is obtained of the person unless a citation has been issued. This is sufficiently shown by the provisions of chapter 18 of the Code of Civil Procedure, which provide for service of an order to attend personally or for an order to show cause as above indicated. The word “ cited,” then, as used in section 2511 of the Code of Civil Procedure, must be taken in its broad and general sense to mean “ To summon, to command the presence of a person; to notify a person of legal proceedings against him and require his appearance thereto.” Bouvier Law Dict.; Black Law Dict.
It appears, therefore, that section 475 of the Judiciary Law provides for a special proceeding to declare and enforce an attorney’s lien; that said statute is silent as to whether notice shall be by citation to show cause or order to show cause; that the court is permitted under section 2522 of the Code of Civil Procedure to select as its mandate either a citation to show cause or an order to show cause and that a petition was duly filed and an order to show cause was duly issued and served. For the reasons given, I am satisfied, and hold, that jurisdiction of the persons of the respondents was obtained by the service of said order to show cause.
*74 The part of the motion to vacate the order to show cause will be denied.
That part of the motion asking for a dismissal of the petition is in the nature of a demurrer. There is no such pleading as a demurrer in this court. This objection should be taken by answer (see Code Civ. Pro. § 2519) and not by motion. Atlantic & Pacific Tel. Co. v. Baltimore & Ohio R. R. Co., 87 N. Y. 335, 358. This part of the motion is therefore denied.
The respondents may answer the petition within three days from the service upon their attorneys of a copy of the order denying this motion.
Decreed accordingly.