Surrogate's Court, Westchester County, September, 1921. [Vol. 116.

In the Matter of the Compromise of Controversies Arising Between Claimants Interested in the Estate of FRANCIS L. BEMIS, Deceased, Prior to the Probate of the Last Will and Testament of Said Deceased.

(Surrogate's Court, Westchester County, September, 1921.)

Wills — contested probate — practice stated as to application for approval of proposed compromise — Personal Property Law, § 24 — Real Property Law, § 73 — Code Civ. Pro. § 2522.

The settlement of a pending will contest and the payment of a substantial sum of money from the corpus of the estate is quite a different matter from the probate of the will.

Under the new statutes (Laws of 1919, chap. 419, adding section 24 to the Personal Property Law, and Laws of 1919, chap. 441, adding section 73 to the Real Property Law) an application for the approval by the court of a proposed compromise of a will contest must be presented by a petition duly verified, separate and distinct from the petition for the probate of the will.

The new statutes being silent as to the procedure to be followed, except that the court upon taking proof of the facts shall make an order, a citation or order to show cause is the proper process under section 2522 of the Code of Civil Procedure.

All adults in interest having consented in writing to the proceeding, the purpose of which was to bind infants, incompetents and the unborn, the court upon the return of the citation or order to show cause, duly served, will appoint a special guardian, and if it appears to the satisfaction of the court that the interests of persons unknown, or the future contingent interests of persons not in being, are or may be affected by the proposed compromise, the court should take proof of the facts or send the matter to a referee.

If satisfied that the compromise agreement is just and reasonable and is for the best interests of infants, unknown persons, or the future contingent interests of persons not in being, the court must make an order authorizing the special guardian to enter into the proposed compromise, and upon the presentation

of such agreement, signed by the special guardian and by the adults in interest, the court will make an order approving of the compromise agreement.

APPLICATION by executor for approval by the court of a compromise agreement in contested probate.

Martin Carey (Courtland Palmer, of counsel), for proponent.

I. Maurice Wormser, special guardian for infants, incompetents, or persons unknown or not in being.

Harold E. Lippincott, for Kitty F. Hunting, contestant.

Ffarrington M. Thompson, for Carrie E. Ryder, contestant.

Jerome A. Peck, special guardian for infants in the proceeding to probate the last will and testament of said deceased.

SLATER, S.    This is an application by petition of Edward P. Starck, an executor designated in the propounded will which is being contested, for the approval by the court of a proposed compromise agreement between the parties, prior to the probate of the will, and for an order authorizing a special guardian for infants, incompetents, persons unknown, or not in being, pursuant to section 24 of the Personal Property Law, being chapter 419 of the Laws of 1919, and section 73 of the Real Property Law, being chapter 441 of the Laws of 1919.

Such a proceeding is an innovation in the law and considerable doubt exists in the mind of attorneys as to the proper practice to be pursued to secure a binding order of the court.  Dispute has arisen among counsel as to the necessity of the issuance of a cita-

Surrogate's Court, Westchester County, September, 1921. [Vol. 116.

tion or order to show cause. Some have contended that the court, in acquiring jurisdiction of all the interested parties in the probate proceeding, had the power and could enter its order, or direction of compromise agreement without further ado or notice. That the court, having jurisdiction of the necessary parties, could appoint a special guardian under the new law without issuing a citation, or order to show cause to them. That the petition to affect a compromise agreement was in the pending proceeding to probate the will. With these contentions the court does not agree.

The language of the sections in part is as follows: "An application for the approval of a compromise pursuant to this section must be made by petition duly verified, which shall set forth the provisions of any instruments or documents by virtue of which any claim is made to the property or estate and any and all facts relating to the claims of the various parties to the controversy and the possible contingent interests of persons not in being and all facts which make it proper and necessary that the proposed compromise be approved by the court. After taking proof of the facts either before the court or by a referee and hearing the parties and fully examining into the matter the court must make an order upon the application."

All necessary parties had notice of the probate proceeding through the issuance of a citation and service thereof, and because of such a proceeding, a contest arose regarding the will. The settlement of a pending will contest and the payment of a substantial sum of money from the corpus of the estate is quite a different matter from the probate of the will. The petition upon the probate of the will, of course, did not allude to, nor give notice to any of the parties

interested of a contest, or a compromise of the contest, because these conditions arose months after the filing of the petition looking to probate the will.

The new law of 1919 relating to compromise of controversies is silent as to the process to be employed. It speaks only of an application by petition duly verified. As to procedure it provides that the court shall take proof of the facts and shall make an order. It is my opinion that the proceeding must be prosecuted according to the law and practice of the court in which it is instituted.

Section 2511 of the Code of Civil Procedure having reference to jurisdiction of persons, speaks of a proceeding. A proceeding can only be commenced in this court by the filing of a petition duly verified. Code Civ. Pro. § 2518. When the petition reciting jurisdictional facts was filed in the application for the probate of the will, the court acquired jurisdiction of the *rem*, which once acquired is never lost. In the instant matter, the court is concerned with whether or not it has acquired jurisdiction of the person in a proceeding commenced by a petition which sets forth the facts which relate to the subject matter therein stated. Jurisdiction of the person in any proceeding can only be acquired in the following manner, to wit: by being duly cited, personal appearance, waiver, or by attorney who has been duly authorized to appear. Code Civ. Pro. § 2511. The word "cited" as used in this section must be taken in its broad and general sense to mean "to summon, to command the presence of a person; to notify a person of legal proceedings against him and require his appearance thereto." Bouvier Law Dict. Thus, if a person is to be cited, "it must be by the process of the court." The process of the court is a citation to show cause, or an order to show cause. Code Civ. Pro. § 2522. A

Surrogate's Court, Westchester County, September, 1921. [Vol. 116.

citation is now essential to most proceedings in the Surrogate's Court. There are proceedings where the statute expressly directs the issuance of a citation. *Matter of Moran,* 58 Misc. Rep. 488. However, a discovery proceeding (Code Civ. Pro. § 2675) is commenced by the filing of a petition, and jurisdiction of the person is obtained by the service of an order directing said person to attend. The proceeding under section 2607 of the Code of Civil Procedure is an independent special proceeding and the order terminating it is a final order. Section 2669 of the Code of Civil Procedure provides for a special proceeding to compel the return of an inventory. A citation is not required, but an order is made requiring the return of the inventory and " * * * in default thereof, to show cause * * * why he should not be removed. * * *" Section 2698 of the Code of Civil Procedure relates to disagreement between executors, and the surrogate may, upon petition, make an order requiring them to show cause. Jurisdiction of the person is obtained by service of the order to show cause. *Matter of Eno,* 111 Misc. Rep. 69.

The new law is loosely drawn so far as procedure is concerned, but I think the legislature intended in the light of the Code sections that an entire independent proceeding founded upon a petition should be instituted by citation or order to show cause to all necessary parties, and result in an appealable order. The provisions of the new law indicate a special proceeding and are not consistent with a motion in a proceeding already pending. The infants and the unknown and unborn cannot consent, nor waive, nor personally appear, nor authorize an appearance by an attorney. Therefore, they must be brought within the jurisdiction of the court by its process according to the practice of the court.

The contention that no further notice, other than the one given in the probate proceeding, is necessary, is untenable. The mere fact that the probate proceeding is pending, and the infants are before the court in such proceeding, does not cause this application to become an intermediate step in the probate proceeding. To permit a practice to develop which binds persons unknown and unborn to decrees adjudging relief not asked for, and foreign to the petition under which a citation is issued to secure jurisdiction in a probate proceeding, is unthinkable. The probate proceeding only brings in the parties in being presently interested. The new petition in the compromise proceeding brings in and seeks to bind those unknown and those not in being. The prayers of the two petitions are dissimilar. By one, property is gained; by the other, if a compromise agreement is permitted, the sums to be paid the legatees are lessened. Who can well argue that notice of the first petition informs as to the facts set forth in the second petition? Certainly an order of compromise could not be binding without notice to infants, the unknown and the unborn — in a new proceeding.

The new law of 1919 relating to compromise of will controversies states that an application of this character should be presented to the court by petition. Section 2521 of the Code states the general jurisdictional contents of a petition. Section 2511 of the Code states that, in any proceeding, the court shall have jurisdiction of those duly cited and those who waive, appear personally or by attorney. Section 2518 of the Code says that each proceeding shall be commenced by the filing of a petition. Section 2522 of the Code says process of the Surrogate's Court shall be a citation to show cause, an order to show cause, and such other process and mandate as the surrogate is or shall

be authorized by law to issue and employ. Section 2519 of the Code requires all petitions, answers and objections to contain a plain and concise statement of the facts constituting the claim, objection or defence and a demand for a decree, order or other relief. Consequently, the filing of the petition starts a proceeding. The result necessarily is that a citation or order to show cause is the proper process where the law is silent as to the procedure.

As the court is permitted under section 2522 of the Code of Civil Procedure to select as its mandate either a citation to show cause, or an order to show cause upon the filing of a petition, I shall hold that the process in the instant proceeding should be a citation to show cause. In my opinion the order permitting compromise is a final order in a special proceeding. The order to be made on petition is entirely independent of any other proceeding. In this proceeding the parties have rights other than in the proceeding to probate the will and a final order in the instant proceeding is appealable. *Matter of Hardy*, 216 N. Y. 132. Thus we have a definite and orderly procedure — a procedure where the order either permits or denies the relief asked for in the petition.

This application can only be permitted if all the adults have consented in writing. This consent having been filed with the petition, jurisdiction of the infants, or persons unknown, or not in being must be obtained. The purpose of this proceeding is to bind the infants, the incompetents, and the unborn. Upon the return of a citation duly served, a special guardian must be appointed by the court. If it appears to the satisfaction of the court that the interests of persons unknown, or the future contingent interests of persons not in being are or may be affected by the compromise, the court should take proof of the facts either before

PEOPLE *v*. GRANGE. ·     **523**

Misc.]    Court of Gen. Sessions, N. Y. County, September, 1921.

the court, or by a referee. If satisfied that the compromise agreement is just and reasonable in its effects, and it is for the best interests of infants, unknown persons, or the future contingent interests of persons not in being, the court must make an order upon the application, authorizing the special guardian to enter into the proposed compromise.

As the proceeding in the instant case conforms to the practice stated herein by the court as it interprets the law, the special guardian appointed herein, upon his report, and after taking proof of the facts and fully examining into the matter, may be authorized to enter into such compromise agreement as submitted herein. Upon the presentation of such agreement signed by the special guardian and by the adults, the court will make an order upon the application.

Decreed accordingly.