In the Matter of the Estate of JULIA T. BUCK, Deceased.

Surrogate's Court, Westchester County, May 8, 1941.

*George D. Beattys*, for the executors.

*Jerome M. Hirsch* [*Thomas P. McLaughlin* of counsel], for the State Tax Commission.

MILLARD, S. This decedent died a resident of the county of Westchester on January 27, 1940. The executors of her estate have appealed from a *pro forma* order dated December 20, 1940, entered upon the report of the State Tax Appraiser, fixing and assessing the tax levied by the State of New York upon her estate.

The record shows that by deed dated September 8, 1939, decedent transferred to her daughter Sarah B. Crehore, two parcels of real property known as 409 North Broadway and 48 Lincoln terrace, both situated in the city of Yonkers, N. Y., and having an aggregate value of $25,000. It is conceded that there was no monetary consideration for this transfer.

In the tax proceeding the appraiser included the value of this real property as part of decedent's gross estate, upon the ground that the conveyance was a transfer in contemplation of death, within the meaning of section 249-r of the Tax Law. It is upon this issue that the appeal comes before me on the same record submitted to the appraiser.

At the time of her death decedent was approaching ninety-five years of age. The certificate of death states the cause as " arterio sclerotic heart disease " of ten years' duration, and a " fractured hip." Decedent had sustained the hip injury on September 21, 1939, and was thereafter confined to a hospital until her death.

The property which was the subject of the transfer consists of two large dwellings, both erected in the year 1904. Decedent and her husband occupied No. 409 North Broadway as a residence until his death in the year 1910, at which time Sarah B. Crehore, her daughter, removed from 48 Lincoln terrace where she had resided, to the residence of her mother, where she has remained ever since  There is some evidence to the effect that decedent had long intended to convey the real property in question to her daughter but for some reason or other had not done so until September of 1939. Decedent is said to have enjoyed good health until the date of her hip injury, although it is conceded that she suffered from heart disease for a period of approximately ten years prior thereto.

Section 249-r of the Tax Law provides in part as follows: " Any transfer of a material part of his property made by the decedent within two years prior to his death, without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this article." The phrase " in contemplation of death " has been interpreted to mean: " This court has held that the words ' in contemplation of the death ' do not refer to that general expectation which every mortal entertains, but rather the apprehension which arises from some existing condition of body or some impending peril. (*Matter of Spaulding*, 49 App. Div. 541; affd., 163 N. Y. 607.) " (*Matter of Baker*, 83 App. Div. 530; affd., 178 N. Y. 575.) The statute does not require that a person be in extremis or that he be laboring under a constant apprehension of death. If, by reasonable inference, expectant death was the motivating or impelling cause of the transfer, the statutory presumption arises ( *United States* v. *Wells*, 283 U. S. 102, 117), thus placing upon the representative of an estate the burden of proving to the contrary. (*Matter of Rich*, 151 Misc. 852; *Matter of Reierson*, 167 id. 182; *Matter of Briggs*, N. Y. L. J. July 25, 1938, p. 220.) The fact that decedent retained title to the properties in question from 1910, the year of her husband's death, to September 8, 1939, would seem to refute the executors' contention that the transfer in question was ultimately made in accordance with a well-defined plan conceived long before its actual consummation. In view of this decedent's age, together with the facts and circumstances contained in the record before me, I am constrained to hold that the executors have failed to overcome the presumption created by section 249-r of the Tax Law. The *pro forma* order of December 20, 1940, is, therefore, in all respects affirmed.

Settle order accordingly.