In the Matter of the Probate of the Will of BERTHA R. SCHMITT, Deceased.

Surrogate's Court, Westchester County, February 13, 1946.

*Charles S. Friedman* for Edward J. Duelfer, proponent, petitioner.

*Sol Rubin* for contestants, respondents.

GRIFFITHS, S. In this contested probate proceeding the only objection undisposed of pertains to the proper execution of the propounded instrument. The question presented on such issue is whether or not the instrument was signed by the subscribing witnesses at the end thereof as required by section 21 of the Decedent Estate Law.

By paragraph " FOURTH " of the purported will, the decedent directed a division of a piece of her realty into four parcels and gave to each of four named sons one of such parcels, which are separately described in said paragraph by metes and bounds. These descriptions were prepared by decedent's lawyer after obtaining detailed instructions from decedent and inspecting the premises with her. Said lawyer also prepared a diagram purportedly showing the division of the property in accordance with the metes-and-bounds description. This diagram was made in ink on legal cap paper which was physically annexed to the other pages of the instrument.

On the occasion of executing the document decedent subscribed her name on the fifth page thereof, on which page and immediately below and to the left of the signature of the decedent, the two subscribing witnesses also signed. An attestation clause in the usual form appears on the sixth page, beneath which the two witnesses again signed. Attached as another page, which would be the seventh page, is the diagram page above referred to. After the decedent had subscribed her name

on the fifth page, and the witnesses had signed their names on said page and on the sixth or attestation page, the decedent signed her name at the foot of each of the preceding pages and then below the diagram on the seventh page. The draftsman testified that he instructed her to initial the pages, but after she had inadvertently subscribed her full given name to the first page he told her to sign her full name on that and the following pages, including the diagram page.

On the occasion of the execution of the paper writing, the clauses containing the metes and bounds descriptions of the properties were read aloud by the lawyer to the decedent, who checked such descriptions with the diagram above referred to.

Paragraph " SEVENTH " of the decedent's will reads as follows: " Attached hereto is a diagram of my property disposed of in paragraph ' FOURTH ' herein, and I do hereby incorporate the same herein as part of this, my Last Will and Testament, with the same force and effect as if it were herein contained and fully set forth."

Upon these facts, objectants contend that the diagram page is a part of the will and was so intended by the decedent; that the witnesses having failed to affix their signatures beneath the diagram did not sign " at the end of the will " as required by statute. The objection is overruled. The language employed in paragraph " FOURTH " of the will makes a complete disposition of the real property therein described without recourse to the diagram. Reference to the diagram by decedent in checking the metes-and-bounds description on the occasion of executing the paper writing and the attempted incorporation of the diagram in the will does not make such diagram a part of the instrument itself. The mere physical annexation of the diagram sheet to the preceding pages has no legal significance or effect unless by subscribing her name to it the decedent intended to and did in effect make that the end of the will. Any possible inference that might be drawn from the fact that the diagram sheet was the last one to which the decedent affixed her signature is satisfactorily explained by the other circumstances attending the execution of the propounded instrument. Furthermore, the language of the clause attempting to incorporate the diagram as part of the will " with the same force and effect as if it were herein contained " is indicative that the decedent did not consider it as being contained in the will. Moreover, to treat the unattested diagram sheet as part of the will by reason of such provision would violate the well-established rule against incorporation by reference. (*Booth* v. *Baptist Church*, 126

N. Y. 215.) Without reviewing the pertinent authorities, suffice it to say that the instant case clearly does not come within any of the exceptions referred to in *Matter of Fowles* (222 N. Y. 222) and *Matter of Rausch* (258 N. Y. 327). Since the propounded instrument, exclusive of the diagram sheet, is a complete testamentary document in all respects, the provisions of paragraph " SEVENTH " may be entirely disregarded without affecting any provision of the will.

I conclude, therefore, that the seventh page is not a part of the will (*Booth* v. *Baptist Church, supra*) and that the end of the will is the place where the decedent and the witnesses affixed their respective signatures on the fifth page.

It having been established to my satisfaction that the propounded instrument as herein determined was duly executed in accordance with the provisions of section 21 of the Decedent Estate Law, and the mental competency of the decedent and her freedom from restraint having been proven, said paper writing, exclusive of the diagram page, will be admitted to probate as the last will and testament of the decedent.

Settle decree accordingly, reciting therein at length the provisions of the will in the form hereinabove determined.