In the Matter of the Construction of the Will of CHARLES R. FRICKEY, Deceased.

Surrogate's Court, Monroe County, April 24, 1950.

*J. Allan Willis* and *Thurston Corbett* for Lincoln Rochester Trust Company, as executor of Charles R. Frickey, deceased, petitioner.

*Ralph H. Culley* for First Church of Christ, Scientist, of Boston, Mass., and others, respondents.

*Eva Gurnee* for First Church of Christ, Scientist, Rochester, N. Y., respondent.

*Laurence Tellier* for Third Church of Christ, Scientist, Rochester, N. Y., respondent.

*John E. Morrissey, Jr.,* and *Thomas E. Johnson* for Berrian Frickey and others, respondents.

*Jacob H. Herzog* and *Thomas E. Johnson* for Belle Frickey and others, respondents.

*Robert G. Hauser* for Anna L. Nellis, respondent.

*Nathaniel L. Goldstein, Attorney-General (Philetus M. Chamberlain* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

WITMER, S. In this proceeding for construction of testator's will it appears that all legatees and distributees have been duly cited, and all have appeared herein except one distributee, Harold J. Wagner. It appears from a compromise agreement and the supporting proceedings under which the will was admitted to probate that although all distributees were cited upon the probate proceedings, two of them, to wit, the said Harold J. Wagner and respondent Anna L. Nellis, made no appearance therein. The other distributees appeared by counsel and filed objections to the probate. Under section 148 of the Surrogate's Court Act and the order of this court dated January 31, 1949, notice of objections filed was duly served upon all legatees named in an instrument claimed to be a part of the will, hereafter referred to as the '' legatees '' or '' beneficiaries ''. The distributees who appeared therein and the Church legatees then entered into the settlement agreement under which the will was admitted to probate. The agreement provides that certain specific bequests and one general bequest contained over testator's unwitnessed signature on the back of the will, be honored, and that the subjects of such bequests be not considered a part of the gross estate; that upon judicial settlement two thirds of the net estate shall be payable to the objecting distributees and the remaining one third shall be payable in accordance with the terms of the will; and that if in a construction of the will it be determined that any part of the estate must pass by intestacy, the objecting distributees agree to sign necessary assignments of their distributive interests in said remaining one third of the net estate in favor of the Church legatees. All of the distributees and beneficiaries were adults and competent.

At the institution of this proceeding it was the thought of petitioner and all respondents who have appeared, excepting Anna L. Nellis, that the compromise agreement disposes of the special bequests above referred to and two thirds of the net

estate, and that in this construction proceeding only the rights of the parties hereto in the remaining one-third part of the estate are to be determined. They contend that since the two distributees, Harold J. Wagner and Anna L. Nellis, failed to object to the probate of the will or to appear therein in any manner, they are bound by any compromise agreement and order made thereon to which they were not parties and of which they had no notice.

The court cannot agree with such contention. It may be sound insofar as property validly devised or bequeathed in the will is concerned, but not otherwise. That was a probate proceeding only and did not embrace a construction of the will, nor was any question of distributive rights on judicial settlement raised in the petition for probate or the objections thereto, nor was any subsequent notice given to distributees Wagner and Nellis that such matter would be settled in the probate proceeding. The failure of distributees Wagner and Nellis to appear therein bound them to a decree of probate, but not to any agreed construction of the will nor to any agreed division of the estate, even though such agreement were incorporated by reference in the decree of probate. Accordingly, that portion of the decree of probate which by incorporation of the compromise agreement purports to release all interests in the property named in the special bequests and to authorize payment of two thirds of the net estate to the objecting distributees is a nullity and ineffective as to distributees Wagner and Nellis. (*Matter of Jefferies,* 155 Misc. 464, affd. 247 App. Div. 747; *Matter of Bemis,* 116 Misc. 516, 518–521; 7 Wait's New York Practice [4th ed.], p. 750.) Thus the rights of distributees Wagner and Nellis in this entire estate are to be determined upon a construction of testator's will only, without regard to the compromise agreement.

In order to construe the will, it must first be determined what part of the propounded instrument comprises the will. Unfortunately, when the decree of probate was submitted upon the compromise agreement it did not specify whether or not the back of the instrument was a part of the instrument admitted to probate, but merely referred to the document of certain date; and it was only dated on its face. The will was written upon a printed will form, all the handwriting thereon being that of the testator except for the signatures and addresses of the witnesses, and the handwriting was all in ink. The heading is in usual form, as is paragraph " First " providing for payment

of debts and funeral expenses. Following that is the printed word " Second " after which the testator appointed his executors (one of whom has renounced, and the other is the petitioner herein), and then said: " My property are as follows 70 Lake View Park & 28 & 30 Park Avenue & 165–167 & 169 Atlantic Ave. They to collect the rents, pay the taxes and keep the same in repair as necessary. Lake View Park has a mortgage on it, held by Auburn Trust Company, of Auburn, N. Y. amounting to $27977.32 — 28 & 30 Park Avenue $24925.00. held by City and County Bank, Albany, N. Y. Atlantic Avenue is free,— keep property insured." Paragraph " Lastly " follows the above, containing spaces for the appointment of an executor, but the spaces are blank, testator having already named his executors. Said paragraph also contains the usual form provisions authorizing the sale, lease and mortgage of real estate, and revoking all former wills. The date was inserted in the " In Witness Whereof " clause, and testator signed the instrument in the presence of two witnesses who then signed at the bottom of an attestation clause, the blank spaces in which for dates and place of execution and name of testator were not filled in. At the bottom of the page testator wrote the word " Over ", and on the back of the instrument wrote as follows: " I desire that after all these expenses are paid the balance each month shall be divided and paid to The Mother Church. The First Church of Christ, Scientist, of Boston, Mass.— The First Church of Christ, Scientist, Rochester, N. Y. The Second Church of Christ, Scientist, Rochester, N. Y. and The Third Church of Christ, Scientist, Rochester, N. Y. And on May first of each year 25 Dozens of small flags, and a large flag when necessary, purchased of Sibley, Lindsay & Co shall be sent to the Supt Burt Rapp of Fort Plain, N Y to be placed on the graves of the Civil War Veterans. My automobile shall be given Floyd Waddell who has been a faithful chauffer [sic] for many years. The rugs from my offices and my apartment, the pictures from my offices and apartment shall be given to Mrs. Lola Pross Dun, 596 Bellevue Avenue, Syracuse, N. Y to do with them as she desires. My books shall be given to Clifford Dun, same address. The Diamond Ring I am wearing shall go to Clifford Dun as per our agreement.

" Signed

" Charles R. Frickey."

No witnesses signed after the testator's signature on the back of the instrument, and it was undated.

To constitute a valid will an instrument must be signed at the end thereof and the signature must be duly witnessed by two witnesses who affix their names after that of the testator. (Decedent Estate Law, § 21.) The face of the instrument in this case was thus duly executed, but the writing on the back was not. The writing on the back, therefore, was not admissible to probate as a will. Neither was it admissible as having been incorporated in the will by reference. (*Booth* v. *Baptist Church,* 126 N. Y. 215; *Matter of Koehler,* 190 Misc. 897; *Matter of Schmitt,* 187 Misc. 409.) In fact, since the writing on the back contains dispositive provisions, normally the entire instrument should be denied probate. (*Matter of Gibson,* 128 App. Div. 769; *Matter of Scheck,* 172 Misc. 236, 240; *Matter of Buckenthien,* 112 Misc. 163.) In this case, however, since the face of the instrument contains no dispositive provisions but merely appoints an executor, the instrument was entitled to probate to accomplish such purpose only, apart from the compromise agreement; and it is held that the decree of probate of said will refers only to the face of said instrument; that the testator died without making any effective disposition of his property; and that his property descends as by intestacy and is to be so distributed, except insofar as distributees have released or made assignments of their interests.

By the compromise agreement the objecting distributees withdrew their objections to the probate of the propounded instrument " in whole or in part ", " released and renounced any and all claim " to testator's automobile, diamond ring, rugs and pictures, and books, and agreed " to assign in writing " to the four Church beneficiaries, the parties of the third part to the agreement, " any and all further or other interest in said estate or its assets which may by a construction by the Surrogate of said Last Will and Testament  *  *  *  be determined to be the residuum thereof or belong to " said objecting distributees, " it being intended by  *  *  *  (said distributees)  *  *  *  that the parties of the third part are entitled to and shall have all the remaining net assets of said estate " after the payment of said two thirds of the net estate to said distributees. In making this agreement the said distributees assumed to be controlling and releasing all the intestate rights in testator's property, except the two thirds of the net estate; but since two distributees were not parties thereto, in fact they were controlling and acting in respect of somewhat less than all rights in said property, to wit, their own intestate shares

therein; and the four Church beneficiaries agreed to release two thirds of the net estate to them in return for the remaining one third and their releasing of rights in certain specific personalty.

As a result of the agreement, a probate contest was avoided. The law favors agreements to avoid litigation. The agreement was made in good faith, and until set aside it binds the parties thereto. By this last qualification the court does not mean to invite an application to set aside the agreement, and indeed it is doubted that any ground exists for setting it aside. (*Callaghan* v. *Corbin*, 255 N. Y. 401; *Matter of Cook*, 244 N. Y. 63, 69; *Schoonmaker* v. *Gray*, 208 N. Y. 209.) The parties to the agreement knew that they had not joined the two distributees who had defaulted in appearing on the probate. As the above authorities show, any reasonable offer to the objecting distributees which the so-called residuary beneficiaries might make *out of their own funds* could form the basis of a binding legal agreement. In this case the parties purported to believe, and they assumed in the agreement, that they were dealing with all of the estate assets, rather than the total estate less the intestate shares of the two nonjoining distributees. Still the agreement contemplated that intestacy might be declared, in part at any rate as to the one-third share not payable thereby to the objecting distributees, and it provided for an assignment of any intestate interests therein to the Church beneficiaries. It cannot be said that the parties thereto did not envisage the possibility of some intestacy. If they made any mistake, it was one of law in assuming the right to control the whole estate. But it does not appear that such mistake should affect the validity of the agreement as to the great part of the estate effectively embraced therein. It merely amounts to a reduction in the amount of the assets with which they were dealing. The total value thereof was unknown anyway, and such reduction in amount cannot be said to constitute a fundamental change of the agreement or of the position of the parties. True, after the court's decision, it can be seen that the agreement does not accomplish all that the parties thereto had hoped for, but without prejudice to their positions at that time, it accomplishes all that they then had the right to expect, namely, the avoidance of expense of probate litigation, and the fixation of their respective rights in assets of unascertained value, being actually a major part instead of all of the assets of the estate.

It appears that the release by the objecting distributees of their rights in the automobile and other estate personalty which the testator attempted to specifically bequeath, amounts to a contract for the benefit of the respective persons mentioned, and is binding to the extent of the interest of each distributee joining in the agreement.

Submit decree accordingly.