In the Matter of the Accounting of MANUFACTURERS TRUST COMPANY, as Executor of and Trustee under the Will of OTTO F. KLINKE, Deceased.

Surrogate's Court, Kings County, February 27, 1952, on reargument, March 27, 1952.

*Charles B. Lauren* for executor and trustee, petitioner.

*Joseph Sternchos* for Antonia Fretz and another, respondents.

*Gross & Keck* for Frederick A. Keck, respondent.

*Dobson, Moorhead & Dwyer* for Mabel Dickson, as administratrix *c. t. a.* of Armetta M. Klinke, deceased, respondent.

*William F. X. Geoghan* for Mary D. Langwasser and others, respondents.

*John J. O'Connor* for United States Fidelity & Guaranty Co., respondent.

*Paul J. Madden* for John Davidson, and as special guardian for infants, respondents.

RUBENSTEIN, S. As an incident to the judicial settlement of its account the executor seeks a determination as to the proper allocation of estate inheritance taxes.

The testator died on October 10, 1946; his will dated June 29, 1946, was admitted to probate on February 19, 1949, after objections were disposed of by an agreement of compromise pursuant to section 19 of the Decedent Estate Law. A proviso of said agreement was that inheritance taxes were not to be apportioned or prorated among or between the parties entitled to share in the estate thereunder.

The testator made several *inter vivos* transfers of real and personal property without monetary consideration within two years of his death. Such transfers are deemed to be gifts in contemplation of death and while not part of testator's true estate, are, nevertheless, part of the gross estate for taxable purposes (Tax Law, art. 10-C, § 249-r; *Matter of Buck,* 176 Misc. 848; *Matter of Rich,* 151 Misc. 852).

The testator's will is silent regarding the payment of inheritance and estate taxes. The compromise agreement provides that " estate, inheritance and transfer taxes shall not be apportioned or pro-rated among or between the parties entitled to

share in the estate, regardless of the extent to which the parties hereto are entitled hereunder to share in the estate of the deceased herein." It is silent as to the taxes due upon transfers made during the testator's lifetime. The property so transferred is not mentioned in the compromise agreement and one of such transferees, who does not share in the estate under the will or the agreement, is not a party to such agreement. Section 124 of the Decedent Estate Law directs that taxes on decedents' estates be equitably prorated " except in a case where a testator otherwise directs in his will ". In the absence of explicit language in a will exonerating the distributees from allocation, the taxes will be prorated (*Matter of Clark,* 169 Misc. 202–208; *Matter of Mills,* 189 Misc. 136–142, affd. 272 App. Div. 229–234, affd. 297 N. Y. 1012–1014; *Matter of Owen,* 193 Misc. 144; *Matter of Ryan,* 178 Misc. 1007–1009, affd. 265 App. Div. 1051, motion for leave to appeal denied 290 N. Y. 933).

The compromise agreement was intended to supply the direction which was lacking in the will and to make the estate taxes, which would otherwise have been allocated against the parties to such agreement in proportion to the extent they shared in the estate in accordance with the provisions of the agreement, chargeable upon the general estate. It contains nothing, however, to indicate that the recipients of *inter vivos* transfers should likewise benefit thereby and be exonerated from allocation and payment of their prorata share of the taxes due on such gifts. This gives support to the conclusion that only those who benefit under the said agreement were exempted thereby from payment of taxes. The court cannot make a new agreement for the parties.

The court, therefore, determines that the inheritance and transfer taxes will be allocated and prorated among those who received property by *inter vivos* transfers from the testator to the extent thereof. The inheritance and transfer taxes upon the property, which passes under the will or by virtue of the compromise agreement of May 1, 1948, shall be paid by the executor from the general estate.

Submit decree, on notice, accordingly.

(On reargument, March 27, 1952.)

The motion for reargument is granted. Upon such reargument the prior decision of this court is in all respects adhered to (*Matter of Frickey,* 198 Misc. 716–722).

Proceed accordingly.